Chalmers D. **RICHARDSON**, Plaintiff-Appellant,

v.

**ALASKA AIRLINES, INC., Defendant,**

**and**

Air Line Pilots Association International, Defendant/Intervenor Appellee.

No. 83–4021.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 1984.

Decided Dec. 28, 1984.

Raymond C. Fay, Haley, Bader & Potts, Chicago, Ill., for plaintiff-appellant.

Michael Abram, Jay P. Levy-Warren, New York City, for defendant/intervenor appellee.

Before WRIGHT, SNEED and ALARCON, Circuit Judges.

ALARCON, Circuit Judge:

Chalmers D. Richardson (hereinafter Richardson) appeals from the order of the

district court denying his application for attorney's fees against defendant/intervenor, Air Line Pilots Association International (hereinafter ALPA) under 29 U.S.C. § 626(b).

We must decide whether, in an action brought against an employer, the Age Discrimination in Employment Act (hereinafter ADEA) permits the recovery of attorney's fees from an intervenor who has not violated the ADEA. We affirm. The ADEA does not provide for the recovery of attorney's fees from a non-employer.

I

*PERTINENT FACTS*

Richardson was employed by Alaska Airlines, Inc. (hereinafter Alaska) as a flight captain and assistant chief pilot until he reached his sixtieth birthday in October, 1978. A person over the age of sixty cannot fly as a captain or as a first officer under 14 C.F.R. § 121.383(c). Richardson filed this action against Alaska claiming that his employer had violated the ADEA by forcing him to retire at age sixty instead of permitting him to continue working as an assistant chief pilot or as a "second officer." The person who serves as a second officer for Alaska does not perform pilot duties. Second officers employed by Alaska are represented by the ALPA.

In its answer, Alaska denied violating the ADEA and raised numerous affirmative defenses including the claim that the relief sought "would be contrary to the interests of flight officers with less seniority."

Richardson and Alaska Airlines reached a settlement on April 2, 1982, which was incorporated into a proposed consent decree. ALPA was not made a party to this action by Richardson or Alaska and did not participate in the settlement discussions. Pursuant to the terms of the settlement, a copy of the proposed consent decree was served on ALPA so that it would have an opportunity to express its views to the court.

On May 13, ALPA moved to intervene to oppose the motion for entry of the proposed consent decree which had been filed jointly by Richardson and Alaska. ALPA alleged that it was entitled to intervene because the proposed consent decree affected the interest of ALPA members by diminishing their seniority rights, subjected present second officers to the threat of being furloughed or laid off, and violated provisions of its collective bargaining agreement with Alaska. ALPA also asserted many of the defenses originally raised by Alaska's answer to Richardson's complaint.

The district court granted ALPA's motion to intervene to contest the fairness of the consent decree. Richardson and Alaska did not oppose intervention. ALPA asked the district court to disapprove the proposed consent decree.

After conducting an evidentiary hearing on October 1, 1982, concerning ALPA's objections to the fairness of the proposed consent decree, the district court, on November 1, 1982, signed the consent decree after it was modified to require that the working conditions of all pilots who continued working for Alaska after the age of sixty, including Richardson, be subject to subsequent negotiations between the union and the airline.

The consent decree provides for the payment of Richardson's attorney's fees as follows:

> Alaska shall pay an agreed sum to [Richardson's counsel] which sum shall constitute the final settlement of any claim Plaintiff and/or his attorneys may have under law to recover from Alaska fees and/or costs related to this action and shall hereafter bar any action, claim or demand from such fees and/or costs.

On November 11, 1982, Richardson filed an application seeking payment of $6,395.21 "attorneys' fees and costs incurred as a result of ALPA's intervention in opposition to entry of the consent decree between Alaska Airlines, Inc. and plaintiff." In his points and authorities filed in support of this application, Richardson con-

tended that as a prevailing party, he was entitled to attorney's fees and costs as prayed because ALPA became a party defendant when it chose to intervene and oppose entry of the consent decree. The district court denied Richardson's motion for attorney's fees and costs on June 21, 1983.

## II

### *DISPOSITIVE ISSUE*

Richardson contends that as a prevailing party in this action, he is entitled to attorney's fees and costs he incurred in successfully opposing ALPA's opposition to the entry of the proposed consent decree. Because we have concluded that the ADEA's authorization for the award of attorney's fees is directed against employers who have violated the statute, we do not reach his remaining contentions that (1) ALPA was a defendant in this action and that (2) the ADEA does not bar an award of attorney's fees against a union.

## III

### *ATTORNEY'S FEES UNDER THE ADEA*

■ The American Rule denies attorney's fees to a litigant in federal court in the absence of contract, applicable statute, or other exceptional circumstances. *Matter of Sparkman,* 703 F.2d 1097, 1099 (9th Cir.1983). This court has stated previously that any exceptions to the American Rule will be narrowly circumscribed. *Miller-Wohl Co. v. Commissioner of Labor and Industry,* 694 F.2d 203, 204 (9th Cir.1982). Our restraint is compelled by the Supreme Court's decision in *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). In *Alyeska Pipeline Service,* the Supreme Court instructed us as follows:

> It is true that under some, if not most, of the statutes providing for the allowance of reasonable fees, Congress has opted to rely heavily on private enforcement to implement public policy and to allow counsel fees so as to encourage private litigation .... But congressional utiliza-

> tion of the private-attorney-general concept can in no sense be construed as a grant of authority to the Judiciary to jettison the traditional rule against nonstatutory allowances to the prevailing party and to award attorney's fees whenever the courts deem the public policy furthered by a particular statute important enough to warrant the award.

*Id.* at 263.

Our task then is to determine if the ADEA expressly provides for attorney's fees and costs against a party to an action who is not an employer of, and who has not discriminated against the plaintiff-employee.

The ADEA does not expressly provide for the award of attorney's fees. Instead, the ADEA incorporates the remedial provisions of the Fair Labor Standards Act (hereinafter FLSA). Section 626(b) of the ADEA, in pertinent part provides as follows:

> The provisions of this chapter shall be enforced in accordance with the powers, remedies, and procedures provided in sections 211(b), 216 (except for subsection (a) thereof), and 217 of this title, and subsection (c) of this section.

29 U.S.C. § 626(b) (1982).

Congress had provided for the award of attorney's fees under the FLSA under specific circumstances. Section 216(b) in pertinent part provides as follows:

> Any *employer* who *violates* the provisions of section 206 or section 207 [of the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any *employer* who violates the provision of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate ... An action to recover the liability prescribed in either of the preceding sentences may be maintained *against any employer ... The court in such action shall, in addition to any*

*judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys fee to be paid by the defendant, and costs of the action.*

29 U.S.C. § 216(b) (1982). (Emphasis added).

The issue presented to us is of first impression. No other court has been called upon to determine the intent of Congress concerning the award of attorney's fees under the ADEA against a non-employer. The legislative history of the ADEA offers no clue as to the scope of the attorney's fees provision of the FLSA when applied to ADEA claims.

The FLSA narrowly limits the power of the district court to award attorney's fees. As set forth above, the statute allows such recovery from "any employer who violates" the ADEA. 29 U.S.C. § 216(b) (1982). Within the same paragraph, the word "defendant" is used to describe the party who may be liable for the plaintiff's attorney's fees. Taken in context, the word defendant refers to the employer against whom the charge of violation has been brought. Context is an important tool in discerning the meaning of a word in a statute. *United States v. Bishop,* 412 U.S. 346, 356, 93 S.Ct. 2008, 2015, 36 L.Ed.2d 941 *on remand* 485 F.2d 248, *cert. denied,* 417 U.S. 931, 94 S.Ct. 2642, 41 L.Ed.2d 234 (1973). If Congress wishes to expand attorney's fee awards as against non-employers under the ADEA, it is free to do so. "Arguments centering on the inequities caused by the absence of fee-shifting are properly addressed to the Congress and not to the courts." *Kennedy v. Whitehurst,* 690 F.2d 951, 953 (D.C.Cir.1982).

In the matter before us, the ALPA was not acting as Richardson's employer.

No claim has been made by Richardson that ALPA violated any provisions of the ADEA. Thus, the policy considerations which underlie the shifting of the duty to the employer to pay the attorney's fees of an employee who has been subjected to age discrimination are inapplicable.

Imposing a fee award would only punish ALPA for performing an act it was under a duty to do. Under the National Labor Relations Act, 29 U.S.C. § 151 *et seq.* (1982) and the Railway Labor Act, 45 U.S.C. § 151 *et seq.* (1982), unions are given the right to act as exclusive representatives for all members in the bargaining unit. This right carries with it a corresponding duty to represent all members fairly. *Steele v. Louisville & Nashville Railroad Co.,* 323 U.S. 192, 202–03, 65 S.Ct. 226, 232, 89 L.Ed. 173 (1944). The parties recognized ALPA's interests in the settlement's terms by serving the union with a copy of the proper decree so that it could express its views to the court. ALPA intervened in this matter on behalf of its membership because the decree was modified to reflect ALPA's concerns. The proposed decree appeared unfairly to affect seniority and other rights protected by its collective bargaining agreement with Alaska.

The ADEA makes no provision for the award of attorney's fees to a non-employer.

Richardson argues that he is entitled to recover attorney's fees as a "prevailing party." We are directed to cases decided under Title II and Title VII of The Civil Rights Act of 1964, 42 U.S.C. §§ 2000a *et seq.;* 2000e *et seq.* and The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988 in support of this proposition.[1] Each of these statutes provides for

---

1. Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a–3(b) provides:

    *Attorney's fees; liability of United States for costs*

    In any action commenced pursuant to this subchapter, the court, in its discretion, may allow the *prevailing party,* other than the United States, a reasonable attorney's fee as part of the costs, and the United States shall be liable for costs the same as a private person. (emphasis added);

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(k) provides:

*Attorney's fee; liability of Commission and United States for costs*

In any action or proceeding under this subchapter the court, in its discretion, may allow the *prevailing party,* other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

the award of attorney's fees to the "prevailing party." A person bringing an action under any of these statutes may recover attorney's fees, if he is the prevailing party against any named defendant, whether or not such person is an employer. A defendant (other than United States) who prevails in such actions may also be awarded attorney's fees against the plaintiff.

In enacting the ADEA in 1967, Congress did not use the term "prevailing party" in providing for the award of attorney's fees. Instead, Congress limited the award of attorney's fees to the successful plaintiff-employee. A prevailing *employer* may not recover attorney's fees in an action under the FLSA or the ADEA. The civil rights statutes relied upon by Richardson demonstrate that Congress has used the term "prevailing party" when its object is to permit the award of attorney's fees to a successful plaintiff or *defendant.* The fact that Congress did not employ the "prevailing party" terminology used in The Civil Rights Act of 1964 and The Civil Rights Attorney's Fees Awards Act of 1976 indicates an intention to impose the additional burden of paying attorney's fees only on *employers* who violate the statute. Congress chose its words carefully to foreclose the possibility of the recovery of attorney's fees by an employer who has successfully defended himself against an accusation of age discrimination.

The judgment is AFFIRMED.

(emphasis added);

The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988 provides in pertinent part:

> *Proceedings in vindication of civil rights; attorney's fees*
> ... In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318 [20 U.S.C. 1681 et seq.], or title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d et seq.], the court, in its discretion, may allow the *prevailing party,* other than the United States, a reasonable attorney's fee as part of the costs.

(emphasis added).