**Charles LaDUKE, Plaintiffs-Appellees,**

v.

**Alan C. NELSON, etc., et al.,
Defendants-Appellants.**

**Nos. 83–3608, 84–4148.**

United States Court of Appeals,
Ninth Circuit.

Aug. 7, 1986.

Michael J. Fox, Skellenger, Ginsberg & Bender, Seattle, Wash., for plaintiffs-appellees.

Marshall Tamal Golding, U.S. Dept. of Justice, Washington, D.C., for defendants-appellants.

## 310

Before FARRIS, ALARCON and FERGUSON, Circuit Judges.

### ORDER

*LaDuke v. Nelson,* 762 F.2d 1318 (9th Cir.1985), filed June 10, 1985, is modified as follows:

The last sentence of the first full paragraph of the opinion, 762 F.2d at 1321, is changed to: "We affirm in part, vacate in part, and remand."

The fifth full paragraph on 762 F.2d at 1333, which begins "Finally," is deleted. The following paragraphs are substituted:

"Finally, the INS charges that the hourly fee award ($100 and $125) to class counsel unreasonably exceeded the normal fee of $75 per hour under the EAJA. The EAJA authorizes exceeding the $75 'cap' on attorney fees based on either a cost of living increase or a 'special factor, such as the limited availability of qualified attorneys for the proceedings.' 28 U.S.C. § 2412(d)(2)(A)(ii). The court did not abuse its discretion in finding a special factor existed for breaching the $75 cap based on expert testimony. *Accord Action on Smoking and Health v. CAB,* 724 F.2d 211, 219 (D.C.Cir.1984). Accordingly, we affirm the award of attorney's fees and the hourly rates.

"We vacate the district court's use of the 20% multiplier, however, and remand the issue of the propriety of a multiplier to the district court for such further proceedings, findings, and orders as it may deem necessary in light of the recent Supreme Court decisions in *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* —— U.S. ——, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986); *Library of Congress v. Shaw,* —— U.S. ——, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986); *City of Riverside v. Rivera,* —— U.S. ——, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986)."

Section IV. of the opinion, 762 F.2d at 1333, is changed to: "We affirm the district court's issuance of an amended injunction and the award of fees and costs and the hourly rates, but vacate and remand the use of the 20% multiplier."