Charles G. CRISWELL, et al.,
Plaintiffs–Appellees,

Eugene R. Black, Petitioner–Appellee,

v.

DELTA AIR LINES, INC.,
Defendant–Appellant.

Nos. 87–6170, 87–6237, 88–5709
and 88–6155.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 2, 1988.*

Decided Feb. 28, 1989.

William H. Boice, L. Dale Owens, Thomas J. Munger, Atlanta, Ga., for defendant-appellant.

Raymond C. Fay, Washington, D.C. and Alan M. Serwer, Bell, Boyd & Lloyd, Chicago, Ill., for plaintiffs-appellees.

Before BROWNING, NELSON and CANBY, Circuit Judges.

CANBY, Circuit Judge:

This is a consolidated appeal of four awards of attorneys' fees to the plaintiffs in actions to enforce an injunction. The enforcement actions, and the fee awards, were against Delta Air Lines, as successor to Western Airlines, the original target of the injunction. To make the issue clear, we must briefly recount the previous litigation.

The case began when certain pilots ("Criswell") of Western Airlines brought an action against Western under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634. In essence, the claim was that Western violated ADEA by refusing to permit pilots nearing the age of 60 to "down-bid" to positions of second officer (flight engineer), and by imposing a mandatory retirement age of 60 for second officers.

Criswell won in district court, and a permanent injunction was issued against Western Airlines. *Criswell v. Western Air Lines, Inc.*, 514 F.Supp. 384 (C.D.Cal.1981). This court affirmed, 709 F.2d 544 (9th Cir. 1983), as did the Supreme Court, 472 U.S. 400, 105 S.Ct. 2743, 86 L.Ed.2d 321 (1985).

Western Airlines was subsequently merged into Delta Airlines, and Western ceased to exist as a corporate entity on April 1, 1987. After the merger, Delta refused to retain Criswell and other beneficiaries of the injunction as second officers, in accordance with certain company-wide policies of Delta. Criswell then returned to the district court and sought an order com-

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

pelling Delta to comply with the injunction as Western's successor. The district court granted the requested relief, and we affirmed. *Criswell v. Delta Air Lines Inc.,* 860 F.2d 1088 (9th Cir.1988). [Memorandum redesignated as Opinion and published at 868 F.2d 1093 (1989).]

Criswell then sought awards of attorneys' fees under ADEA in district court, for services in connection with the enforcement action against Delta, and in connection with three subsequent motions in which Criswell appeared and defended the injunction and its application to Delta.[1] The district court awarded Criswell attorneys' fees in all four instances, and these appeals followed.[2]

*Issue*

The appeals present us with a single question: Does ADEA permit the award of attorneys' fees against a successor corporation that did not itself discriminate against the plaintiffs, but that did resist enforcement of the injunction against it as a successor? [3]

*Discussion*

In our previous decision, where we held that Delta was subject to the injunction as a successor, we based our ruling on the three factors for determining such liability that were established in *Bates v. Pacific Maritime Ass'n,* 744 F.2d 705, 709–10 (9th Cir.1984):

(1) continuity in operations and work force of the successor and predecessor employers;

(2) notice to the successor employer of its predecessor's legal obligation; and

(3) ability of the predecessor to provide adequate relief directly.

*Criswell,* 868 F.2d at 1094. We pointed out that equitable considerations of fairness placed the emphasis on the last two of these listed factors. *Id.* at 1094. We then held that all the requirements for holding Delta liable as successor were satisfied.

There was ample evidence that during the post-merger period in question, the former Western flight operations were not integrated into Delta operations....Second, Delta was on notice of Western's legal obligation; it filed an amicus brief in support of Western in *Criswell v. Western Air Lines.* Third, Western is clearly incapable of providing the relief required by the injunction; it no longer exists as a corporate entity. Delta, on the other hand, had and has the ability to provide adequate relief.

*Id.* at 1095. Finally, we rejected Delta's argument that successorship liability does not apply to the "independent" and otherwise lawful actions of an acquiring company. We did so because the argument "ignore[d] a basic tenet of the successorship doctrine: the obligation imposed on the successor is preexisting." *Id.* at 1095. The injunction is made applicable to Delta as successor not because it violated ADEA, but because its predecessor did and Delta is being subjected to its predecessor's legal obligation.

All of these successorship considerations remain the same whether the question is Delta's obligation to obey the injunction or its liability for Criswell's attorneys' fees. ADEA provides for plaintiffs to recover fees, just as it provides for them to obtain

---

**1.** The second fee award was for services rendered in moving for the first fee award. The third fee award was for services in successfully opposing Delta's motion to dissolve or modify the injunction due to changed circumstances. The fourth fee award was for services in successfully opposing a motion by Delta for an interpretation of the injunction with respect to a flight officer's bid to join the crew of one of Delta's L–1011 aircraft.

**2.** Delta suggests that the third fee award may not be final, as required for appeal pursuant to 28 U.S.C. § 1291. Because the district court ruled that it had no jurisdiction to modify the

injunction while appeal of *Criswell v. Delta Air Lines* was pending in this court, Delta states that the motion might later be renewed and granted. Nothing in the district court's award of fees contemplates further action, modification, or retraction, however. We conclude that the award is final for purposes of § 1291.

**3.** Because this issue is one of statutory interpretation, rather than of reasonableness of the fees awarded, we review the district court's decision de novo. *LaDuke v. Nelson,* 762 F.2d 1318, 1333 (9th Cir.1985), *amended on other grounds,* 796 F.2d 309 (9th Cir.1986).

injunctive relief. Fees are awarded to make victims of discrimination whole, and to encourage private enforcement of the Act. *See Goodman v. Heublein, Inc.*, 682 F.2d 44, 47–48 (2d Cir.1982). These purposes of ADEA would not be well served by upholding the injunction and denying fees incurred in enforcing it. All of the reasoning that led us to hold Delta subject to the injunction therefore militates toward holding it liable for attorneys' fees.

Delta contends, however, that fees may not be imposed upon it as successor even if the injunction may. It bases its argument on statutory language regarding attorneys' fees, and on certain of our statements in *Richardson v. Alaska Airlines, Inc.*, 750 F.2d 763 (9th Cir.1984). We are convinced by neither.

ADEA does not contain its own remedial provision; it incorporates those of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.[4] The applicable section of that Act provides that "[a]ny employer who violates" certain provisions of the Act shall be liable for legal or equitable relief appropriate to remedy the violation. 29 U.S.C. § 216(b). It also provides that, in addition to any judgment awarded to plaintiffs, the court shall "allow a reasonable attorney's fee to be paid by the defendant." *Id.* Delta emphasizes that it is not an employer who has violated the Act, and that it is not a "defendant" who is required to pay fees. The difficulty with Delta's argument is the same one that infected its opposition to successor liability on the injunction itself: the argument ignores the nature of the successorship doctrine. Delta is not being held responsible for the consequences of its own violation of ADEA; it is being held responsible for the consequences of Western's violation. The statutes established Western's liability. The successorship doctrine, as it has developed in *Bates v. Pacific Maritime Ass'n* and other cases, establishes Delta's liability. Successor liability is enforceable against a party that is quite innocent of the underlying violation. *See Musikiwamba v. Essi, Inc.*, 760 F.2d 740, 746–47 (7th Cir.1985).

It is true that, in this case, the fee obligations that are the subject of this appeal were incurred in proceedings against the successor Delta itself, and were not inherited from Western. If that fact has any significance, it only increases the appropriateness of imposing the fees on Delta. Delta inherited the obligation to obey the injunction from Western. Delta chose to resist the obligation, causing legal expenses to be incurred by Criswell. It is not unfair to impose the statutory fees on Delta.

Finally, Delta invokes *Richardson v. Alaska Air Lines,* supra. In *Richardson*, we declined to allow an employee to recover attorneys' fees against an intervening union, even though the union had attempted to block a consent decree between an employee and employer settling an ADEA claim. In denying fees, we pointed out that the statute provided only for the award of fees against an "employer." 750 F.2d at 765–66. We also said:

> No claim has been made by [plaintiff] that [the union] violated any provisions of the ADEA. Thus, the policy considerations which underlie the shifting of the duty to the employer to pay the attorney's fees of an employee who has been subjected to age discrimination are inapplicable.

*Id.* at 766. Delta would have us apply this reasoning to it, because it, too, did not violate ADEA. That we cannot properly do.

*Richardson* was not a case of successor liability. The plaintiff there was trying to shift the liability for fees to a party bearing an entirely different relationship to him than an employer bears to its employee, and it is the latter relationship that is the subject of the fee-shifting provisions of ADEA. The union in *Richardson* was representing a group of employees whose position might have been adversely affected by the consent decree it was contesting. We thought it inappropriate to impose fees on the union for carrying out a duty to represent all employees fairly. *Id.* at 766. We

---

4. 29 U.S.C. § 626(b).

find no parallel consideration in favor of Delta. Delta is an employer, and stands in the shoes of the employer that violated ADEA and incurred the underlying liability. Nothing we held or said in *Richardson* precludes the shifting of fees to Delta.

*Conclusion*

The fee awards in this case were authorized by ADEA. Under all of the *Bates* tests for successor liability, Delta may be held responsible for fees incurred by Criswell in enforcing against Delta the injunction entered in *Criswell v. Western Airlines.* Neither the ADEA nor our decision in *Richardson v. Alaska Airlines* precludes imposition of such successor liability for attorneys' fees upon Delta. The district court accordingly did not err. Its orders awarding fees are AFFIRMED.