962 F.2d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roberto ROJAS, Petitioner-Appellant,
v.
Larry BOYLES, Respondent-Appellee.
 No. 91-15561.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1992.*
Decided May 8, 1992.
 
 Before HUG, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roberto Rojas appeals the district court's judgment in favor of defendant prison officials in his pro se 42 U.S.C. § 1983 action. Rojas alleged that prison officials violated his eighth amendment right to be free from cruel and unusual punishment by transporting him in a van without a functioning air condition unit. We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 OVERVIEW
 
 3
 On July 13, 1989, Southern Nevada Correction Center (SNCC) officers transported inmate Rojas and several others to Las Vegas in a van without a functioning air condition unit. The day time temperature in Las Vegas on July 13, 1989 reached 106? F. It is undisputed that Rojas suffered from heat exhaustion, was treated almost immediately upon his return to SNCC, and recovered within fifteen minutes of treatment.
 
 
 4
 On March 20, 1991, the district judge rejected Rojas's claim that his transportation in a non-air conditioned van violated the eighth amendment's ban on cruel and unusual punishment. Rojas appeals on several grounds.
 
 DISCUSSION
 1. Cruel and Unusual Punishment
 
 5
 Rojas first argues the district court erred by rejecting his substantive eighth amendment argument. We review de novo a district court's decision on questions of law and fact implicating constitutional rights. LaDuke v. Nelson, 762 F.2d 1318, 1322 (9th Cir.1985), amended, 796 F.2d 309 (1986).
 
 
 6
 Liberally construing Rojas's claim, Rojas challenges his medical treatment and also the condition of his confinement in the non-air conditioned van. An inmate must show "deliberate indifference" to serious medical needs on the part of prison authorities to establish a constitutional violation. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 292 (1976). Similarly, "deliberate indifference" to the well-being of the inmate must also be shown to establish that prison conditions such as excessive heat or poor ventilation violate the eighth amendment. Wilson v. Seiter, 111 S.Ct. 2321, 2326-27 (1991). "In determining deliberate indifference, we scrutinize the particular facts and look for substantial indifference in the individual case, indicating more than mere negligence or isolated occurrences of neglect." Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.1990).
 
 
 7
 Because Rojas was treated almost immediately upon his return to SNCC and recovered within minutes, we do not believe prison officials demonstrated deliberate indifference to Rojas's medical needs or the conditions of confinement. See Estelle, 429 U.S. at 106, 97 S.Ct. at 292; Wilson, 111 S.Ct. at 2326-27. The one-time transportation of Rojas in a van without air conditioning cannot be properly characterized as more than an isolated occurrence of neglect. See Wood, 900 F.2d at 1334. Accordingly, we reject Rojas' claim of cruel and unusual punishment.
 
 2. Request for Counsel
 
 8
 Rojas also challenges the district court's refusal to appoint counsel under 28 U.S.C. § 1915(d). We review for an abuse of discretion the district court's denial of Rojas' two motions for appointment of counsel. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986).
 
 
 9
 Counsel may be appointed under § 1915(d) only under "exceptional circumstances." Id. Exceptional circumstances exist if (1) the petitioner is unable to effectively litigate his or her claims because of "the complexity of the legal issues involved" and (2) there is a likelihood of success on the merits. Id.
 
 
 10
 Rojas argues that his inability to speak English rendered him unable to effectively litigate his legal claim, thereby entitling him to counsel under § 1915(d). We reject Rojas's contention. First, the legal issues here are relatively straightforward and are adequately addressed in Rojas's briefs. Second, as discussed above, Rojas's underlying claim lacks merit.
 
 3. Failure to Produce Rojas's Witness
 
 11
 Rojas next argues that SNCC's failure to produce inmate witness Daren Asher for trial constitutes reversible error. We disagree. The district court concluded Rojas did not timely provide the Marshal's office with the required subpoena and fee, as previously ordered by the court. Rojas adduces no evidence which would contradict this factual finding. There is no basis for concluding the district court committed clear error in determining any prejudice suffered by Rojas resulted from his own failure to timely subpoena Asher.
 
 4. Remaining Arguments
 
 12
 Finally, Rojas raises two other issues for the first time on appeal. Specifically, Rojas alleges he received insufficient notice of the trial date and that the district court improperly excluded evidence. We will not consider these issues on appeal because they were not raised in the district court. United States v. Grewal, 825 F.2d 220, 223 (9th Cir.1987).
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3