5 F.3d 542
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellant,
v.
Victor Geroya McMILLAN, Defendant-Appellee.
 No. 93-10021.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 23, 1993.
 
 Appeal from the United States District Court for the District of Nevada, No. CR-92-00209-PMP; Philip M. Pro, District Judge, Presiding.
 D.Nev.
 AFFIRMED.
 Before: PREGERSON, BRUNETTI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The United States appeals the district court's order suppressing cocaine and money seized from Victor McMillan. The government argues that the warrantless search of McMillan's rental car was proper because McMillan consented to the search and because the officers had probable cause to search the vehicle. We have jurisdiction pursuant to 18 U.S.C. Sec. 3731 (appeal by United States of suppression orders), and we affirm.
 
 
 3
 * On August 20, 1992, McMillan's rented Lincoln Continental was stopped for speeding by Troopers Rosell Owens and Ken Roll of the Nevada Highway Patrol and Agent Richard McConnell of the federal Drug Enforcement Administration. McMillan presented a valid Michigan driver's license and a rental contract with Budget Rental Car executed by his uncle, Harold McMillan. Owens questioned McMillan at some length, and because of evasive answers by McMillan, Owens requested permission to search the automobile. McMillan denied permission.
 
 
 4
 Because McMillan was not listed as an alternate driver on the rental contract, Owens contacted a Budget representative, who indicated that the automobile was not stolen but requested that it be towed to the Budget office in Las Vegas, because McMillan was not a listed driver. When Owens informed McMillan that Budget had requested that the vehicle be impounded and that the officers would conduct an inventory search of the vehicle, McMillan stated "Go ahead, search it, it's yours," as he stared across the desert in "defeated" manner.[1] The officers' subsequent search disclosed four kilograms of cocaine in plastic packaging and $1,000 cash, located underneath clothing in a zippered bag in the trunk of the automobile. The officers did not request McMillan's permission to search the bag.
 
 
 5
 McMillan was indicted for possession of cocaine with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1). He moved to suppress the cocaine, the money, and his statements after the search. Owens testified and the government acknowledged at the suppression hearing that the officers did not have probable cause to search McMillan's automobile. The magistrate judge recommended that the suppression motion be granted on the grounds that McMillan did not validly consent to the search and that the search was not a valid inventory search. The district court followed the recommendation, and this interlocutory appeal followed.
 
 II
 
 6
 The government argues that the district court erred in determining that McMillan's statement "Go ahead, search it, it's yours" did not constitute valid consent to the search. Therefore, it contends, the search was proper under the consent exception to the warrant requirement.
 
 
 7
 * The voluntariness of consent to a search "is a question of fact to be determined from the totality of the circumstances." Schneckloth v. Bustamonte, 412 U.S. 218, 227 (1973). The government has the burden of showing voluntary consent by a preponderance of the evidence. United States v. Matlock, 415 U.S. 164, 177 (1974). "This burden cannot be discharged by showing no more than acquiescence to a claim of lawful authority." Bumper v. North Carolina, 391 U.S. 543, 548-49 (1968) (consent invalid where officers claimed to have a warrant); LaDuke v. Nelson, 762 F.2d 1318, 1329 (9th Cir.1985) (consent to INS searches not valid where searches are accompanied by substantial show of force; quoting Bumper), modified on other grounds, 796 F.2d 309 (9th Cir.1986). We review a district court's determination of voluntariness of consent for clear error. United States v. Kelley, 953 F.2d 562, 566 (9th Cir.1992).
 
 
 8
 The district court here adopted the magistrate judge's conclusion that the government had not met its burden of demonstrating consent. The court found that by saying "Go ahead, search it, it's yours," McMillan "was simply throwing up his hands in submission to a claim of official authority." This finding is not clearly erroneous in view of the uncontradicted evidence that McMillan had refused the officers' initial request to search his automobile, that McMillan's statement was made after the officers had informed him that his automobile would be impounded and subjected to an inventory search, that the statement was made after fairly extensive questioning over a period of more than thirty minutes, and that McMillan had a "defeated" attitude at the time he made the statement.[2] Under Bumper and LaDuke, mere acquiescence in a claim of authority to conduct a search is not sufficient to support a finding of consent.
 
 B
 
 9
 The government also contends that the search of McMillan's automobile was proper because the officers acted on the good faith belief that McMillan had consented to the search. The cases which the government cites involve situations where searches were reasonably within the scope of the consent which was provided. See Florida v. Jimeno, 500 U.S. ---, 111 S.Ct. 1801 (1991) (consent to search automobile extends to closed containers within automobile); Illinois v. Rodriguez, 497 U.S. 177 (1990) (consent by person who police reasonably believe to have authority over premises is valid). However, the government cites no authority for the proposition that an invalid consent, in a case where the officers conducting the search are aware of all relevant facts, may be rendered valid by the officers' subjective belief that the consent was valid. We decline to adopt such a rule here.
 
 III
 
 10
 The government also argues for the first time on appeal that the officers had probable cause to search McMillan's automobile--despite Owens's testimony and the government's concession to the contrary at the suppression hearing--and that the search was therefore proper under the automobile exception to the warrant requirement. See California v. Acevedo, 500 U.S. ---, 111 S.Ct. 1982 (1991) (closed container within automobile may be searched without a warrant where there is probable cause).
 
 
 11
 Where an argument is asserted for the first time on appeal, we review for plain error. Fed.R.Crim.P. 52(b); United States v. Dischner, 974 F.2d 1502, 1515 (9th Cir.1992), cert. denied, 113 S.Ct. 1290 (1993). "A plain error is a highly prejudicial error affecting substantial rights." Dischner, 974 F.2d at 1515 (citation omitted). In view of Owens's testimony that the officers did not have probable cause to search McMillan's automobile, we find no plain error.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. The government's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This characterization of McMillan's actions and statements by Owens is not disputed by McMillan
 
 
 [2]
 The government cites cases in which district court determinations of valid consent were upheld in the face of claims of coercion. See United States v. Maldonado-Espinosa, 968 F.2d 101, 103-04 (1st Cir.1992), cert. denied, 113 S.Ct. 1579 (1993); United States v. Twomey, 884 F.2d 46, 51-52 (1st Cir.1989), cert. denied, 496 U.S. 908 (1990); United States v. Miller, 589 F.2d 1117, 1132 n. 13 (1st Cir.1978), cert. denied, 440 U.S. 958 (1979). This out-of-circuit authority does not undermine our decision here, because of the deference owed to the district court's determination that McMillan did not validly consent. Furthermore, these cases involve significantly different factual circumstances than the present case