NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KRISTINA RUELING, an Arizona resident, | No. 18-17297 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-00568-BSB |
| v. | |
| MOBIT, LLC, a limited liability company; JAMES KOCH, an Arizona resident, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
John Zachary Boyle, Magistrate Judge, Presiding**

Submitted March 6, 2020***
Phoenix, Arizona

Before: CLIFTON, OWENS, and BENNETT, Circuit Judges.

Kristina Rueling appeals from the district court's denial of her post-

judgment motion for attorney's fees and costs in her Federal Labor Standards Act

_____

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

\*** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("FLSA") action against MOBIT, LLC ("MOBIT") and its owner, James Koch. We review for abuse of discretion the grant or denial of a fee award. *Avila v. L.A. Police Dep't*, 758 F.3d 1096, 1104 (9th Cir. 2014). A district court abuses its discretion if it makes a decision "based on an inaccurate view of the law or a clearly erroneous finding of fact." *Corder v. Gates*, 947 F.2d 374, 377 (9th Cir. 1991). As the parties are familiar with the facts, we do not recount them here. We affirm.[1]

To obtain attorney's fees under the FLSA, a plaintiff must establish that the defendant qualifies as an employer. *See* 29 U.S.C. § 216(b) ("The court [in an FLSA action] shall . . . allow a reasonable attorney's fee to be paid by the defendant."); *Richardson v. Alaska Airlines, Inc.*, 750 F.2d 763, 766 (9th Cir. 1984) ("Taken in context, the word defendant refers to the *employer* against whom the charge of violation has been brought." (emphasis added)). A defendant qualifies as an employer if that defendant exercises "control over the nature and structure of the employment relationship" or "economic control" over that relationship. *Boucher v. Shaw*, 572 F.3d 1087, 1090 (9th Cir. 2009) (internal quotation marks and citation omitted).

Rueling has not presented any evidence of an employment relationship

---

[1] We grant the Arizona Employment Lawyers Association's Motion for Leave to Appear as Amicus Curiae. Dkt. 20.

between her and MOBIT. Rueling argues that her verified complaint describes her personal knowledge of her relationship with MOBIT, but the complaint does not present "specific facts admissible in evidence" to demonstrate that relationship. *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (per curiam). Instead, the complaint merely states without explanation that "Plaintiff [Rueling] was an employee" and that MOBIT was her "employer." The district court was not required to credit this conclusory allegation. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1424 (9th Cir. 1985).

The decision by MOBIT Technologies—MOBIT's parent company—to settle Rueling's claim also does not establish that MOBIT was her employer. Even as it tendered a settlement offer to Rueling, MOBIT Technologies maintained that neither MOBIT nor MOBIT Technologies were her employer. The payment was not an admission of liability or employer status. The district court did not clearly err when it found that MOBIT was not Rueling's employer.

In the alternative, Rueling argues for the first time on appeal that this court should remand with instructions for the district court to hold an evidentiary hearing or order supplemental briefing to determine if MOBIT Technologies was Rueling's employer. Because Rueling failed to submit to the district court any evidence to justify holding such a hearing, she has waived her right to an evidentiary hearing in the district court. *Blum v. Stenson*, 465 U.S. 886, 892 n.5 (1984).

On appeal, MOBIT requests attorney's fees under 28 U.S.C. § 1927 and this court's inherent power to assess fees against counsel who "willfully abuse judicial processes." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980). However, MOBIT has failed to demonstrate that Rueling brought her appeal in bad faith. *See United States v. Louisiana-Pacific Corp.*, 967 F.2d 1372, 1380 (9th Cir. 1992) (holding that bad faith requires more than an "honest mistake"). MOBIT's request is denied.

**AFFIRMED**.

18-17297