**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

THEODORE MAROPULOS; DONNA
MAROPULOS; DANIELLE JACOBO;
NATHAN MAROPULOS; ELIZABETH
MAROPULOS; AARON MAROPULOS;
KATHERINE MAROPULOS; SHANNON
MAROPULOS; THOMAS MAROPULOS,
     *Plaintiffs-Appellees,*

v.

COUNTY OF LOS ANGELES; LEE
BACA,

     *Defendants,*

and

STEVE LANKFORD,
     *Defendant-Appellant.*

No. 07-55873

D.C. No.
CV-04-01171-TJH

OPINION

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Jr., District Judge, Presiding

Argued and Submitted
March 4, 2009—Pasadena, California

Filed March 24, 2009

Before: Diarmuid F. O'Scannlain, Pamela Ann Rymer, and
Kim McLane Wardlaw, Circuit Judges.

Per Curiam Opinion

## COUNSEL

Raymond W. Sakai, Lawrence Beach Allen & Choi, PC, Glendale, California, for the defendant-appellant.

Dale K. Galipo, Law Offices of Dale K. Galipo, Woodland Hills, California, for the plaintiffs-appellees.

## OPINION

PER CURIAM:

Los Angeles County Sheriff's Deputy Steve Lankford appeals the district court's order denying him qualified immunity on an action under 42 U.S.C. § 1983 brought by the Maropulos family for violation of their Fourth and Fourteenth Amendment rights. The Maropuloses claim that Lankford set fire to their home, then hindered rescue efforts by firefighters. Lankford argues that the Maropuloses failed to present sufficient evidence to create a triable issue as to proximate cause, whether he set fire to the Maropuloses' house, and whether he knowingly or intentionally lied to firefighters such that his statements violated any clearly established due process right.

As such, his appeal raises issues having to do with sufficiency of the evidence over which we lack jurisdiction. *Johnson v. Jones*, 515 U.S. 304, 307, 319-20 (1995). Accordingly, we dismiss.

**[1]** Our jurisdiction to hear an interlocutory appeal from denial of qualified immunity turns on the basis for denial. Under *Johnson*, an order denying qualified immunity on the ground that a genuine issue of material fact exists is not a final, immediately appealable order. *Id.* at 313-20. Unfortunately, we cannot tell for sure on what basis the district court denied qualified immunity, because it issued a summary order without explanation. In these circumstances, we must either try to discern from the record what the likely basis was, or remand for the district court to explain its reasoning. *Id.* at 319; *see also Behrens v. Pelletier*, 516 U.S. 299, 313 (1996).

**[2]** In this case, we are satisfied from the arguments made on appeal and our own examination of the record that the district court must have believed there were genuine issues of material fact that precluded summary judgment on qualified immunity. However, in the mine run of cases, we cannot undertake appellate review effectively when forced to guess what the district court did in order to determine whether we even have jurisdiction. District courts are much better situated than we are to sift through submissions of fact in order to identify those that are genuinely disputed and material, or alternatively, to isolate those that are not controverted or can be assumed as true for the purpose of deciding sufficiency to show a violation of a clearly established right. A clear statement of the basis for a decision by the district court not only facilitates appellate review, but assists the parties in evaluating whether to take an appeal in the first place. In this way, we mutually contribute to "the just, speedy, and inexpensive" determination of disputes, as Rule 1 of the Federal Rules of Civil Procedure directs.

**[3]** Having experienced similar difficulties in determining the scope of jurisdiction to hear interlocutory appeals from the

denial of qualified immunity, our colleagues on the Third Circuit now require district courts ruling on summary judgment motions based on qualified immunity where material facts are in dispute to specify which facts are in dispute and why they are material. *See Blaylock v. City of Phila.*, 504 F.3d 405, 409-10 (3d Cir. 2007); *Forbes v. Twp. of Lower Merion*, 313 F.3d 144, 146, 148-51 (3d Cir. 2002). We embrace the principle, and encourage all district judges within the circuit to articulate the basis upon which they deny qualified immunity and, when it is for reasons of sufficiency of the evidence to raise genuine issues of fact, to spell out the triable issues and why they preclude immunity before trial.

DISMISSED.