**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 02 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHEILA CONATSER, individually and as Special Administrator of the Estate of Phillip Roger Conaster; ALLAN CONASTER, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> NORTH LAS VEGAS POLICE DEPARTMENT; EDMOND FINIZIE, Lieutenant; SMITH; PETER SMIRGA, Officer; CITY OF NORTH LAS VEGAS, <br><br> Defendants - Appellants. | No. 09-17712 <br><br> DC No. 2:06 cv-1236 PMP LRL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Argued and Submitted July 18, 2011
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before:     TASHIMA and RAWLINSON, Circuit Judges, and RAKOFF, Senior District Judge. [*]

Defendants-appellants Peter Smirga and Edmond Finizie, police officers of the City of North Las Vegas Police Department, shot and killed Phillip Conatser outside of his mother's home after responding to a report from his mother that Conatser was violent, suicidal, and wanted the police to kill him. Conatser's parents sued under 42 U.S.C. § 1983 for, *inter alia*, violations of their son's Fourth Amendment right not to be subjected to excessive force. Defendants now appeal the district court's denial of their motions for summary judgment on qualified immunity grounds. We dismiss the appeal for lack of jurisdiction, because it turns on fact-related issues.

Viewing the facts in the light most favorable to plaintiffs, the district court assumed for summary judgment purposes that Conatser "appeared calm, did not attack the officers, and did not pose a threat to the officers at any time." The court explained that "Phillip would have been a threat if he charged the officers with the knife, however, [his neighbors] Verona and Cortez testif[ied] Phillip did not attack the officers at any time." These facts led the district court to reject defendants' qualified immunity defense: "[I]f Phillip did not charge the officers as averred by

---

[**] The Honorable Jed S. Rakoff, Senior United States District Judge for the Southern District of New York, sitting by designation.

the neighbors, a reasonable officer would have known that shooting Phillip just because he was holding a knife was a violation of clearly established law."

On this appeal, defendants argue that the district court erred because the evidence cannot support the inference that Conatser never attacked them. They contend that the neighbors' "assertion that Phillip Conatser never threatened the officers is contradicted by independent evidence," and that the district court therefore "erred in accepting [the neighbors'] version of events." We lack jurisdiction to decide this issue. Summary judgment orders denying a qualified immunity defense are immediately appealable only if they present "abstract issues of law," not "*fact*-related dispute[s] about the pretrial record." *Johnson v. Jones*, 515 U.S. 304, 307, 317 (1995) (emphasis in original). We have jurisdiction to review such summary judgment orders to the extent they decide that "a given set of facts violates clearly established law," but not to the extent they decide that "an issue of fact is 'genuine.'" *Id*. at 319; *see Maropulos v. Cnty. of L.A.*, 560 F.3d 974, 975 (9th Cir. 2009) (per curiam) ("[A]n order denying qualified immunity on the ground that a genuine issue of material fact exists is not a final, immediately appealable order."); *Collins v. Jordan*, 110 F.3d 1363, 1370 (9th Cir. 1997).

*Scott v. Harris,* 550 U.S. 372 (2007), and *Wilkinson v. Torres*, 610 F.3d 546 (9th Cir. 2010), relied on by defendants, do not affect the analysis. Although both

3

cases reached fact-related issues on interlocutory appeal of the denial of qualified immunity at the summary judgment stage, neither case addressed the jurisdictional defect that such issues potentially raise under *Johnson*. Indeed, *Scott* did not mention jurisdiction at all. Thus, neither *Scott* nor *Wilkinson* expands our jurisdiction. *See Ariz. Christian Sch. Tuition Org. v. Winn*, 131 S. Ct. 1436, 1448 (2011) ("When a potential jurisdictional defect is neither noted nor discussed in a federal decision, the decision does not stand for the proposition that no defect existed."); *cf. Ortiz v. Jordan*, 131 S. Ct. 884, 891 (2011) (reaffirming *Johnson* without mentioning *Scott* or acknowledging any exceptions to *Johnson*) ("[I]nstant appeal is not available . . . when the district court determines that factual issues genuinely in dispute preclude summary adjudication.").

Because we lack appellate jurisdiction, this appeal is **DISMISSED**.