**NOT FOR PUBLICATION**



# FILED

JUL 25 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANA MADDOX, on behalf of D.M. and D.M., minor children and heirs of Jeanetta Riley, deceased; et al., | No.   17-35875 |
| Plaintiffs-Appellees, | D.C. No. 2:16-cv-00162-BLW |
| v. | MEMORANDUM* |
| CITY OF SANDPOINT, a political subdivision of the State of Idaho; et al., | |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Argued and Submitted July 12, 2018
Portland, Oregon

Before:  WARDLAW and OWENS, Circuit Judges, and LEFKOW,** District
Judge.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Joan H. Lefkow, United States District Judge for the
Northern District of Illinois, sitting by designation.

This excessive-force case arises from the fatal shooting of Jeanetta Riley by City of Sandpoint police officers. The chief of the City of Sandpoint police department and three of the department's officers ("defendants") appeal the denial of their motion for summary judgment on the basis of qualified immunity. We dismiss for lack of appellate jurisdiction, without deciding at this interlocutory stage whether defendants are entitled to qualified immunity.

Because 28 U.S.C. § 1291 confers appellate jurisdiction over "final judgments," we ordinarily lack "jurisdiction to hear interlocutory appeals from the denial of summary judgment." *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 944 (9th Cir. 2017). However, an exception exists for the denial of a motion for summary judgment based on qualified immunity to the extent that the denial turns on an issue of law. *Pauluk v. Savage*, 836 F.3d 1117, 1120–21 (9th Cir. 2016) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)).

The district court denied defendants' motion because it concluded that "under the particularized facts of this case, a material dispute exists as to" whether Jeanetta "posed an immediate threat to the officers who shot her." *See Maropulos v. Cty. of Los Angeles*, 560 F.3d 974, 975 (9th Cir. 2009) (per curiam) (encouraging district courts to spell out the triable issues of fact and the version of the facts on which denial of qualified immunity rests). In such a situation, we have

appellate jurisdiction to review only the legal question of whether the facts, taken in the light most favorable to the non-moving party, show a violation of a clearly established constitutional right. *Kisela v. Hughes*, 138 S. Ct. 1148, 1150–51, 1153 (2018) (per curiam); *Scott v. Harris*, 550 U.S. 372, 377–80 (2007); *Cunningham v. City of Wenatchee*, 345 F.3d 802, 806–10 (9th Cir. 2003); *Jeffers v. Gomez*, 267 F.3d 895, 903–06 (9th Cir. 2001) (per curiam).

On appeal, defendants failed to present the facts in a light most favorable to the plaintiff, and accordingly have forfeited the legal argument that, based on those facts, they are entitled to qualified immunity. *See Avila v. L.A. Police Dep't*, 758 F.3d 1096, 1101 (9th Cir. 2014) ("Arguments not raised clearly and distinctly in the opening brief are waived." (internal quotation marks omitted)). Both in their briefing and at oral argument, defendants merely dispute the circumstances attendant to Jeanetta's encounter with the police and contend that she posed an immediate threat to the officers based on their version of the facts. But "a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson v. Jones*, 515 U.S. 304, 319–20 (1995); *see also id.* at 311 (describing *Mitchell* as allowing interlocutory appeals when "the issue appealed concerned, not which

3

facts the parties might be able to prove, but, rather, whether or not certain given facts showed a violation of 'clearly established' law"). And where, as here, an appellant-officer's opening brief "lapse[s] into disputing [the plaintiffs'] version of the facts" and does "not advance[] an argument as to why the law is not clearly established that takes the facts in the light most favorable to" the plaintiffs, "[w]e will not do [the] appellant[s's] work for [them], either by manufacturing [their] legal arguments, or by combing the record on [their] behalf for factual support." *George v. Morris*, 736 F.3d 829, 837 (9th Cir. 2013) (internal quotation marks omitted) (citing *Adams v. Speers*, 473 F.3d 989, 990, 991 (9th Cir. 2007) ("The exception to the normal rule prohibiting an appeal before a trial works only if the appellant concedes the facts and seeks judgment on the law.")).

Addressing the defendants' purely factual disputes with the district court's qualified-immunity determination is beyond the limited scope of our appellate jurisdiction.[1] *E.g.*, *Isayeva*, 872 F.3d at 945–46; *George*, 736 F.3d at 834–36 ("Any decision by the district court 'that the parties' evidence presents genuine

---

[1] The video and audio recordings, which omit key portions of Jeanetta's encounter with defendant police officers, including her final actions before being shot, do not blatantly contradict or utterly discredit the district court's determination that material disputes of fact exist. *See Scott*, 550 U.S. at 380–81; *see also Vos v. City of Newport Beach*, 892 F.3d 1024, 1028 (9th Cir. 2018); *Estate of Lopez ex rel. Lopez v. Gelhaus*, 871 F.3d 998, 1008 (9th Cir. 2017).

issues of material fact is categorically unreviewable on interlocutory appeal.'"

(quoting *Eng v. Cooley*, 552 F.3d 1062, 1067 (9th Cir. 2009))).

Our disposition of defendants' appeal on forfeiture grounds does not prevent

them from "raising . . . qualified immunity at a subsequent stage in the litigation,

such as in a Rule 50 motion for judgment as a matter of law." *George*, 736 F.3d at

837 n.12.

**DISMISSED FOR LACK OF JURISDICTION.**