**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT CHRISTOPHER; JANET STRATTON-CHRISTOPHER, | No. 14-15244 |
| Plaintiffs - Appellants, | D.C. No. 2:12-cv-00345-DGC |
| v. | MEMORANDUM[*] |
| SPECTRA ELECTRICAL SERVICES, INC., | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted February 10, 2016
San Francisco, California

Before: SILVERMAN, FISHER, and TALLMAN, Circuit Judges.

Plaintiffs Robert Christopher, an electrician previously employed by Defendant

Spectra Electrical Services, Inc., and his wife, Jane Stratton-Christopher filed an

action under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, and 42 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

§ 1981, seeking compensatory and punitive damages for an alleged hostile work environment and retaliation. They appeal the district court's grant of partial summary judgment to Spectra dismissing their request for punitive damages. They also appeal the district court's mid-trial denial of their oral motion to reconsider the summary judgment order. The jury split its verdict, finding for the Christophers on their hostile work environment claim, and for Spectra on the retaliation claim. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Spectra was liable for punitive damages only if it acted with "malice or reckless indifference" to Mr. Christopher's federally protected rights. 42 U.S.C. § 1981a(b)(1). "Malice" and "reckless indifference" pertain to an employer's "knowledge that it may be acting in violation of federal law, not its awareness that it is engaging in actual discrimination." *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 535 (1999). In other words, Spectra "must at least discriminate in the face of a perceived risk that its actions will violate federal law to be liable in punitive damages." *Id.* at 536. Therefore, the focus is on Spectra's state of mind. *Id*. at 535.

**1.** At the outset, we reject the Christophers' argument that the district court applied the wrong rule of law. The court correctly relied on *Kolstad*, and never misstated the governing law nor applied an erroneous legal standard.

**2.** Spectra's alleged failure to investigate or take remedial action after receiving Mr. Christopher's Charge of Discrimination – when he was no longer employed at Spectra – does not raise a triable issue on punitive damages liability. Even assuming Spectra was required to take some action to deter harassment by other employees, the Christophers have pointed to no on-point authority stating the failure to do so meant Spectra had violated Mr. Christopher's federally protected rights. Because the Christophers' underlying theory of discrimination is therefore "novel or otherwise poorly recognized," *id.* at 537, Spectra's alleged failure to take action cannot show the requisite state of mind required under § 1981a(b)(1) and *Kolstad* to justify an award of punitive damages.

**3.** Spectra's alleged failure to enforce its anti-discrimination policies similarly cannot, on its own, subject Spectra to punitive damages. Spectra's diligence in implementing its anti-discrimination policies is relevant to defend a charge that Spectra is vicariously liable for punitive damages due to a supervisor's actions. *See id.* at 544-46. But the district court observed that the Christophers had not argued Spectra was vicariously liable for punitive damages, and the Christophers identify no error in that conclusion. Accordingly, we affirm the grant of partial summary judgment to Spectra on the Christophers' claim for punitive damages.

**4.** At oral argument, the Christophers abandoned any challenge to the district court's denial of their mid-trial motion to reconsider the summary judgment order. Keeping in mind our "review is limited to the record presented to the district court at the time" of its decision, we find no error in the denial of reconsideration. *Lippi v. City Bank*, 955 F.2d 599, 604 (9th Cir. 1992).

**5.** We need not address whether the district court erred in refusing to provide the jury with a punitive damages instruction. Because the Christophers did not raise the issue in their opening brief, it is waived. *See Avila v. Los Angeles Police Dep't*, 758 F.3d 1096, 1101 (9th Cir. 2014).

**AFFIRMED.**