OPINION
HURWITZ, Circuit Judge:
Leonard Avila, a police officer, periodically worked through his lunch break but did not claim overtime. According to his commanding officer, Avila was a model officer. The Los Angeles Police Department (LAPD), however, deemed Avila insubordinate for not claiming overtime and fired him.
Not coincidentally, that termination occurred only after Avila had testified in a Fair Labor Standards Act (FLSA) lawsuit brought by fellow officer, Edward Maciel, who sought overtime pay for working through his lunch hours. Avila then *1099 brought this action, claiming that he was fired in retaliation for testifying, in violation of the FLSA anti-retaliation provision, 29 U.S.C. § 215(a)(3). The evidence at trial was that the only officers disciplined for not claiming overtime were those who testified against the LAPD in the Maciel suit, notwithstanding uncontested evidence that the practice was widespread in the LAPD.
A jury returned a verdict in favor of Avila on his FLSA anti-retaliation claim. On appeal, the City of Los Angeles and the LAPD contend that the jury was not correctly instructed. We find no reversible error and affirm.
I
In January 2008, Leonard Avila testified under subpoena in a FLSA suit against the City of Los Angeles in the Central District of California brought by Maciel, who sought overtime pay under 29 U.S.C. § 207(a)(1) for working through his lunch hour. Avila testified that he and many other LAPD officers, including his supervisors, operated under an unwritten policy of not claiming overtime for working through lunch. After Avila testified, the LAPD filed an internal investigation complaint against him and another officer who testified at the Maciel trial, Richard Romney, alleging that they had been insubordinate by not submitting requests for overtime.
The officers were ordered to appear before the LAPD Board of Rights (BOR), a disciplinary review body. Avila was sworn in, entered a plea of not guilty, heard opening statements, but resigned during the hearing’s lunch break to accept a job with another law enforcement agency. The BOR nonetheless proceeded against Avila in absentia. The board found Avila guilty of insubordination and recommended termination, and the Chief of Police then so ordered. Romney was also fired.[1]
Avila then sued the LAPD and the City of Los Angeles (collectively, the “City”) in the Central District of California, asserting claims under the anti-retaliation provision of FLSA (29 U.S.C. § 215(a)(3)), 42 U.S.C. § 1983, and California law.[2] The City moved for summary judgment, arguing that because Avila never sought judicial review of the BOR decision, his federal claims were precluded. The district court denied the motion, but precluded Avila from challenging any factual findings made by the BOR.
After Avila rested at trial, the court granted the City’s motion for judgment as a matter of law on the state law claims. The jury found in favor of Avila on his FLSA claim, but against him on the § 1983 claim, and awarded damages of $50,000. The district court entered a judgment on the jury verdict, and later amended it to award Avila $50,000 in liquidated damages and $579,400 in attorney’s fees. We have jurisdiction over the City’s appeal under 28 U.S.C. § 1291 and affirm.
II
The City first contends that the BOR recommendation that Avila’s employment be terminated precludes his FLSA retaliation claim. We review the district court’s rejection of that argument de novo. *1100 Frank v. United Airlines, Inc., 216 F.3d 845, 849-50 (9th Cir.2000).
A state agency determination is entitled to preclusive effect if three requirements are satisfied: “(1) that the administrative agency act in a judicial capacity, (2) that the agency resolve disputed issues of fact properly before it, and (3) that the parties have an adequate opportunity to litigate.” Miller v. Cnty. of Santa Cruz, 39 F.3d 1030, 1033 (9th Cir.1994) (citing United States v. Utah Constr. & Mining Co., 384 U.S. 394, 422, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966)). We give state administrative agency judgments the same preclusive effect they receive in state court. Univ. of Tenn. v. Elliott, 478 U.S. 788, 799, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986).
The dispositive question is whether the BOR actually decided whether Avila was fired in retaliation for testifying in the Maciel action. The City relies heavily on White v. City of Pasadena, 671 F.3d 918 (9th Cir.2012), in urging issue preclusion. The plaintiff in White was a police officer who challenged her termination in a grievance proceeding. Id. at 922. At an administrative hearing before an arbiter, White presented “evidence that the City’s investigation and her termination were in retaliation” for a lawsuit she had filed against the City. Id. at 924. The arbiter found that the City had not demonstrated just cause for termination, but also found that White had not shown that she was a victim of retaliation. Id. After an independent review of the record, the City Manager upheld the termination, specifically rejecting White’s retaliation claims. Id. White’s subsequent civil rights action against the City again raised the retaliation claim. Id. at 925. The district court dismissed the claim, and we affirmed, finding the administrative determination issue preclusive. Id. at 930-31.
This case is quite different. Here, neither the BOR decision nor the termination order addressed the issue of retaliation. The administrative proceedings simply found Avila guilty of the one count in the complaint: “Prior to 2008, you, while on duty, were insubordinate to the department when you failed to submit requests for compensation for overtime that you had worked, as directed through department publications.” The district court thus properly concluded that the agency had not determined the motive for the disciplinary action. See L.A. Police Protective League v. Gates, 995 F.2d 1469, 1474-75 (9th Cir.1993) (holding that a BOR determination “could not have preclusive effect on the different issue the jury faced”). There is no issue preclusion.
Ill
Avila claimed that the real reason he was fired was not because he worked through lunch without requesting overtime, but rather because he testified in the Maciel lawsuit. The City does not dispute that if Avila’s claim is true, the termination violated FLSA, which makes it “unlawful for any person ... to discharge or in any other manner discriminate against any employee because such employee ... has testified ... in any [FLSA] proceeding....” 29 U.S.C. § 215(a)(3). Nor does the City contend that the evidence below was insufficient to support the jury verdict. Rather, the City’s only argument on appeal is that the jury was not properly instructed.
A.
It is important to note at the outset precisely what issues are and are not before this court with respect to the jury instructions. The City requested an instruction that Avila was required to prove that his testifying at the Maciel trial was a “motivating factor” in his termination. In *1101 contrast, Avila had requested an instruction that he was required to prove that his testifying was the “but-for cause” of the termination. The district court gave the City’s requested instruction, which was consistent with Ninth Circuit law. See Knickerbocker v. City of Stockton, 81 F.3d 907, 911 (9th Cir.1996) (requiring that retaliation be a “substantial factor” in adverse action). The City does not argue on appeal that the district court erred in giving the “motivating factor” instruction. See United States v. Guthrie, 931 F.2d 564, 567 (9th Cir.1991) (discussing invited error).[3]
The City did request an instruction that there was no liability under the FLSA anti-retaliation provision if the “same decision” would have been made had Avila not testified. Originally, developed in Title VII cases, the same decision affirmative defense shields an employer from liability when an adverse action is based both on protected and unprotected activities; the employer has the burden of “proving that it would have made the same decision in the absence of’ the protected activity. Price Waterhouse v. Hopkins, 490 U.S. 228, 254, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989); see also Knickerbocker, 81 F.3d at 911.
But, the City’s briefs on appeal do not assign as error the district court’s refusal to give the “same decision” instruction. Arguments “not raised clearly and distinctly in the opening brief’ are waived. McKay v. Ingleson, 558 F.3d 888, 891 n. 5 (9th Cir.2009).
Indeed, even if, like our dissenting colleague, we were to take up the issue sua sponte, the result would be the same. “There must be a sufficient evidentiary foundation to support giving the instruction.” Gantt v. City of L.A., 717 F.3d 702, 706-07 (9th Cir.2013). The uncontested evidence in this case is that Avila would not have been fired had he not testified. Indeed, an LAPD official confirmed at trial that the only officers disciplined for the overtime violations were those who testified in the Maciel action, and that Avila would never have been disciplined had he not testified. The City’s counsel also candidly conceded this at oral argument. And, the only evidence introduced at the disciplinary hearing was Avila’s testimony in the Maciel matter. There thus was simply no evidentiary foundation for a same decision instruction. See Lambert v. Ackerley, 180 F.3d 997, 1009 (9th Cir.1999) (en banc) (holding a district court’s failure to give a same decision instruction harmless because “the evidence before the jury strongly supported] the conclusion that the plaintiffs were discharged in retaliation for their overtime complaints and that they would not have been discharged had they not engaged in this protected conduct”).
B.
The only issue on the merits actually raised by the City is whether the district court committed reversible error in declining to give the jury two requested special instructions and to submit several proposed special verdict questions tied to those instructions.
The proposed instructions were:
*1102 1. An employee who engages in protected activity is not insulated from adverse action for violating workplace rules, and an employer’s belief that the employee committed misconduct is a legitimate, nondiscriminatory reason for adverse action.
2. An employer is forbidden to discriminate or retaliate against an employee who participates in an activity deemed to be protected under federal or state law. But participation doesn’t insulate an employee from being discharged for conduct that, if it occurred outside the protected activity, would warrant termination.[4]
The proposed special verdict questions were, as relevant to this appeal:
2. Was the City of Los Angeles’s decision to discharge Leonard Avila based upon his engaging in a protected activity under the FLSA, or admitting misconduct, or both?
If your answer to question 2 is engaging in protected activity, then answer question 3.... If your answer is both engaging in protected activity and admitting misconduct, go to question 4.
3. Was the Defendants’ conduct a substantial factor in causing harm to Leonard Avila?
4. Has the Defendant proved, by a preponderance of the evidence that the Defendant would have made the same decision to discharge Plaintiff even if Plaintiffs protected activity had played no role in the Defendant’s decision to?
After declining the proposed instructions, the district court read the following stipulation to the jury:
On January 16th, 2008, Plaintiff Avila appeared in federal court pursuant to a subpoena and gave sworn testimony at the jury trial in the Maciel case. The giving of this testimony is protected activity under the Fair Labor Standards Act.
The district court then instructed the jury as follows:
The plaintiff seeks damages against defendant L.A.P.D. for retaliation under the FLSA. The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:
1. Plaintiff engaged in or was engaging in an activity protected under federal law, that is he testified in a FLSA action.
2. The employer subjected plaintiff to an adverse employment action.
3. The protected activity was a motivating reason for the adverse employment action.
If the plaintiff has proven all three of these elements, the plaintiff is entitled to your verdict. However, if the defendant has proven by a preponderance of the evidence that the plaintiffs participation in a protected activity played no role in any of the adverse employment decisions, the defendant is entitled to your verdict.
The City did not object to these instructions.
After the jury asked a question about protected activity, the City renewed its requests for the supplemental instructions and the special verdicts. The district court told the jury to rely on its original instructions. The verdict in favor of Avila on the FLSA claim followed.
*1103 C.
The City requested the special instructions in support of its argument that it had not fired Avila because he testified, but rather because he failed to request overtime. The City also argues that FLSA only prohibits adverse action based on the fact that Avila testified at the Maciel trial, not the use of his testimony.
To the extent that the City is urging that it would have reached the same decision on terminating Avila in the absence of his testimony, as we have noted above, the district court was well within its discretion in refusing to give the supplemental instructions. There was no evidence to support the same decision defense; the City’s own witness made plain that only those who testified in the Maciel suit were disciplined for failing to take overtime. It simply cannot be argued on this record that Avila would have been fired had he not testified.
The City’s argument that the firing was not in contravention of the FLSA anti-retaliation clause because it was based on the content of Avila’s testimony, not on the mere fact that he had “testified,” fails for the same reason. The only evidence against Avila was his testimony in the FLSA action, and it was conceded that only those who testified in the FLSA action were disciplined for not seeking overtime. We leave for another day whether use of an employee’s trial testimony is entirely forbidden in an adverse action when there is also other evidence of the alleged infraction before the decision maker; no such evidence was proffered by the City here.
Nor did the district court abuse its discretion in telling the jury, after it posed a question on protected activity, to rely on the original instructions. See United States v. Romero-Avila, 210 F.3d 1017, 1024 (9th Cir.2000); see also United States v. Alvarez-Valenzuela, 231 F.3d 1198, 1202 (9th Cir.2000) (noting that this practice avoids “possible error sometimes found in trying to elaborate on a given instruction”). The supplemental instructions would have done more to confuse than to clarify. See Dang v. Cross, 422 F.3d 800, 804 (9th Cir.2005) (noting that jury instructions “must not be misleading”) (quotation marks and citation omitted). Avila never argued to the jury that his testimony insulated him from adverse action or that it could not be used in a disciplinary proceeding. Nor did he claim that he could not be fired for failing to request overtime.[5] Rather, Avila’s claim was that the true reason he was fired was because he testified against his employer in a FLSA action, not because he violated the overtime rules.
Indeed, the LAPD’s representative at the BOR hearing conceded that Avila had been investigated only because he testified at the Maciel trial, testifying that the
investigation was conducted as a result of sworn testimony given by [Avila and Romney] during a civil trial surrounding allegations of a violation of [FLSA].... Commander [Maslin] was provided transcripts of the testimony given by seven officers during that court case.... After having reviewed the transcripts and after due consideration, Commander Mas-lin elected to initiate a personnel complaint against Officer Avila and Officer Romney.
More tellingly, Commander Maslin admitted that despite uncontested evidence that thousands of officers, including Avila’s superiors, routinely did not claim overtime for lunch, the only officers singled out for discipline were those who testified at the *1104 Maciel action.[6] Nor was there any claim that Avila was disciplined for anything else. When Avila resigned, his commanding officer wrote that “Officer Avila was a stellar employee and an individual of personal integrity and honor. He performed his duties well, got along well with his coworkers, and was respected by his peers. This Department is losing a valuably trained asset.”
In short, as this case was tried, the issue for jury resolution was not whether the LAPD could fire Avila for not claiming overtime or whether his trial testimony could be used in the administrative hearing. Rather, the only issue was whether the reason given by the LAPD for the termination was a pretext. That is precisely what the FLSA anti-retaliation provision forbids. See 29 U.S.C. § 215(a)(3) (making it unlawful to discharge an employee “because such employee ... has testified” in a FLSA action); see also Kasten v. Saint-Gobain Performance Plastics Corp., — U.S. -, 131 S.Ct. 1325, 1333, 179 L.Ed.2d 379 (2011) (holding that the anti-retaliation provision makes FLSA’s “enforcement scheme effective by preventing ‘fear of economic retaliation’ from inducing workers ‘quietly to accept substandard conditions’ ”) (quoting Mitchell v. Robert DeMario Jewelry, Inc., 361 U.S. 288, 292, 80 S.Ct. 332, 4 L.Ed.2d 323 (1960)). “[T]he First Amendment similarly protects a public employee who provided truthful sworn testimony, compelled by subpoena, outside the course of his ordinary job responsibilities.” Lane v. Franks, — U.S. -, 134 S.Ct. 2369, 189 L.Ed.2d 312 (2014).
Put differently, the only issue for the jury in this case was whether the City was telling the truth in claiming that it fired a model employee (who was hired by another police force even as the termination action was pending),[7] for not seeking all the pay that he might have. The district court did not abuse its discretion in declining to give the requested supplemental instructions. See Yan Fang Du v. Allstate Ins. Co., 697 F.3d 753, 757 (9th Cir.2012) (“Whether there is sufficient evidence to support an instruction is reviewed for abuse of discretion.”); Hunter v. Cnty. of Sacramento, 652 F.3d 1225, 1232 (9th Cir.2011) (noting that we review formulation of instructions for abuse of discretion).
IV
The City also contends that the district court abused its discretion in awarding attorney’s fees and liquidated damages.[8] We disagree.
A.
FLSA authorizes an award of reasonable attorney’s fees to a prevailing plaintiff in anti-retaliation suits. 29 U.S.C. § 216(b). We review fee awards for abuse of discretion. Mendez v. Cnty. of San Bernardino, 540 F.3d 1109, 1124 (9th Cir.2008). The City does not contest that Avila was the successful party, rather it contends that the award was too large.
*1105 Avila originally requested $748,522.50 in fees. The district court, in a thorough order, instead awarded $579,400. The court reduced the lead counsel’s requested rate, eliminated administrative, clerical, and unproductive hours, and deducted 30% of the time with vague billing descriptions. The district court also granted the City a 10% reduction in the overall amount of the fees requested to account for time “expended on the failed claims,” notwithstanding that these claims were “based upon the same core set of facts and generally related legal theories” as the successful claim. Given the district court’s careful explanations of its reasons for the award, we find no abuse of discretion.
B.
FLSA also allows a successful plaintiff in an anti-retaliation suit to recover liquidated damages. 29 U.S.C. § 216(b). We review such awards for abuse of discretion. EEOC v. First Citizens Bank of Billings, 758 F.2d 397, 402 (9th Cir.1985).
The district court awarded liquidated damages because they “would work to compensate [Avila] for a delay in payment of wages owed and also provide an incentive for future employees to report wage and hour violations by their employers.” The City contends that the latter part of the court’s statement shows that the liquidated damages award was improperly punitive. The trial judge, however, plainly indicated a compensatory purpose, and liquidated damages are not rendered punitive merely because they also have an incidental deterrent effect. See Brooklyn Sav. Bank v. O’Neil, 324 U.S. 697, 709-10, 65 S.Ct. 895, 89 L.Ed. 1296 (1945) (noting that Congress “plainly intended” section 16(b) to have a “deterrent effect”).
V
For the reasons stated above, we AFFIRM the district court’s judgment.

. Officer Teresa Anderson provided similar testimony in a deposition in the Maciel case; she was fired. A California state court found her termination retaliatory and she was reinstated. A disciplinary complaint also was initiated against Avila’s supervisor, who testified that he "probably” violated the overtime rules, but the supervisor was not disciplined.

. Commander Stuart Maislin was also named as a defendant. Avila has not appealed the judgment that was entered below in Maislin’s favor.

. While this appeal was pending, the Supreme Court held that a "but-for” instruction is required when the plaintiff makes “a retaliation claim under § 2000e-3(a),” the Title VII anti-retaliation provision. Univ. of Tex. S.W. Med. Ctr. v. Nassar, -U.S. -, 133 S.Ct. 2517, 2534, 186 L.Ed.2d 503 (2013). Given the City’s failure to raise the issue, we do not today address whether a "but-for” instruction is now also required in FLSA retaliation cases. But see Lambert v. Ackerley, 180 F.3d 997, 1005 (9th Cir.1999) (en banc) (rejecting the argument “that the breadth of Title VII's anti-retaliation provision dictates the construction we should give the FLSA provision”).

. The City requested a third special instruction, but does not contend on appeal that the district court erred by failing to give it.

. Because of the district court’s decision that the BOR determination had limited preclusive effect, Avila could not contest that not seeking overtime was a firing offense.

. In addition to the Maciel action, there were at least four other FLSA actions filed against the LAPD alleging similar overtime violations. One of the cases was brought as a collection action, in which 2,300 to 2,500 officers, sergeants, detectives, and lieutenants joined.

. Avila’s resignation did not moot his retaliation claim because the BOR proceeded against Avila in absentia.

.After the City filed its notice of appeal, the district court awarded trial preparation costs to Avila. Because the City never filed an amended or separate notice of appeal, we lack jurisdiction to review that award. Whitaker v. Garcetti, 486 F.3d 572, 585 (9th Cir. 2007).