**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 03 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| H. G. and D. G., in their capacity as parents and legal guardians of their minor child, J.G.,<br><br>        Plaintiffs-Appellants,<br><br>  v.<br><br>DEPARTMENT OF EDUCATION, STATE OF HAWAII and KATHRYN MATAYOSHI, in her official capacity as Superintendent of the Hawaii Public Schools,<br><br>        Defendants-Appellees. | No.   14-15545<br><br>D.C. Nos.<br>1:11-cv-00523-DKW-BMK<br>1:13-cv-00029-DKW-BMK<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Argued and Submitted October 19, 2016
Honolulu, Hawaii

Before: WALLACE, FARRIS, and WATFORD, Circuit Judges.

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**1.** Judge Ezra did not hold in his earlier ruling that the IEP's provision of 1740 minutes per week of "consistent close adult supervision/paraprofessional support" was "insufficient to show" that J.G. required one-to-one instruction. Judge Ezra decided only that the evidence failed to demonstrate that the IEP would provide one-to-one instruction. He expressly remanded for the hearing officer to determine whether J.G. required it.

**2.** The appellants contend that the district court should have deferred to the hearing officer's conclusion that J.G. required one-to-one instruction. In support of that conclusion, the hearing officer noted that J.G. spoke at approximately a two-year-old level and had "significant delays in language," and that the existence of a behavioral support plan at his private school indicated that he had "behavioral problems." The hearing officer also pointed out that the IEP's provision of 1740 minutes per week of "consistent close adult supervision/paraprofessional support" demonstrated that J.G. had "social and/or safety concerns such that [he] could not be left alone," and that he lacked independence. The hearing officer considered evidence potentially supporting the opposite conclusion, including testimony from a school psychologist that J.G.'s behavioral problems did not appear to warrant one-to-one instruction. Although the appellants did not rebut this testimony with expert testimony of their own, the hearing officer was not required to accept the

school psychologist's testimony as the final word on the subject. Instead, the hearing officer was required to consider that testimony along with all of the other evidence in the record. The hearing officer did so here.

The record demonstrates that the hearing officer considered competing evidence concerning J.G.'s intellectual and behavioral development and arrived at a reasoned conclusion that he needed one-to-one instruction. The hearing officer's decision reflects "careful, impartial consideration of all the evidence" and "sensitivity to the complexity" of the issue. *J.W. ex rel. J.E.W. v. Fresno Unified Sch. Dist.*, 626 F.3d 431, 438 (9th Cir. 2010), *quoting Cty. of San Diego v. Cal. Special Educ. Hr'g Office*, 93 F.3d 1458, 1466 (9th Cir. 1996). In light of the hearing officer's specialized expertise, his conclusion that J.G. required one-to-one instruction was entitled to substantial weight. *See Cty. of San Diego*, 93 F.3d at 1466–67. We therefore reverse the district court's judgment and remand so that it may reconsider whether, after giving substantial weight to the hearing officer's conclusion, J.G. was denied a free appropriate public education.

**3.** The district court's denial of the appellants' motion for a stay-put order is not properly before this court. The appellants failed to file a separate or amended notice of appeal from that order, so we lack jurisdiction to decide their challenge to

it.  *See, e.g.*, *Avila v. Los Angeles Police Dep't*, 758 F.3d 1096, 1104 n.8 (9th Cir. 2014).

**REVERSED and REMANDED.**