**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, | No.    15-35322 |
| Plaintiff-Appellee, | D.C. No.  2:13-cv-0877- RSL |
| v. | |
| ZHAO "JENNY" ZENG HONG, an individual, | MEMORANDUM[*] |
| Defendant-Appellant, | |
| and | |
| PACIFIC COAST FOODS, INC, DBA J & J Mongolian Grill, a Washington corporation; J & J COMFORT ZONE, INC, DBA Spa Therapy, | |
| Defendants. | |

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, | Nos.   15-35323 |
| Plaintiff-Appellee, | D.C. No.  2:13-cv-0877- RSL |
| v. | |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

PACIFIC COAST FOODS, INC, DBA J & J Mongolian Grill, a Washington corporation; J & J COMFORT ZONE, INC, DBA Spa Therapy,

Defendants,

and

HUANG "JACKIE" JIE, an individual,

Defendant-Appellant.

Appeals from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued and Submitted July 10, 2017
Seattle, Washington

Before:       TASHIMA and NGUYEN, Circuit Judges, and WALTER,[**] District Judge.

These are appeals from a judgment entered on a jury verdict in an action brought by the Secretary of Labor under §§ 16(c) and 17 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(c), 217.

---

[**]      The Honorable Donald E. Walter, United States District Judge for the Western District of Louisiana, sitting by designation.

Appellants Huang Jie and Zhao Zeng Hong[1] owned and operated J&J Mongolian Grill (the "Restaurant") and Spa Therapy (the "Spa"). In 2012, following an investigation, the Department of Labor (the "Department" or "Appellee") brought suit for violations of the FLSA, alleging that Appellants failed to pay their employees a minimum wage and overtime, failed to keep adequate records, and retaliated against employees who cooperated with the Department's investigation. After a four-day trial, the jury returned a verdict for the Department and awarded $652,859.62 in back wages. After the jury determined that the violations were willful and not in good faith, the district court doubled the damages award pursuant to the FLSA's liquidated damages provision. These appeals followed.

On appeal, Appellants challenge the jury instructions, the special verdict form, and the district court's submission of the questions of willfulness and good faith to the jury. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.      Appellants raise two distinct challenges to the jury instructions. First, they argue that the district court erred by not requiring the jury to separately determine Huang and Zhao's liability with respect to the Restaurant employees, on

---

[1]      These appeals have been  consolidated for argument and decision.

3

the one hand, and the Spa employees, on the other. Second, Appellants challenge the instruction given on the Department's retaliation claim. Appellants failed to object in the trial court to any of the instructions they now contend were erroneous.

**A.** We review for plain error where, as here a party in a civil case fails to preserve an objection. *C.B. v. City of Sonora*, 769 F.3d 1005, 1016 (9th Cir. 2014) (en banc). When reviewing civil jury instructions for plain error, we consider "whether (1) there was an error; (2) the error was obvious; and (3) the error affected substantial rights." *Id.* at 1018 (citation omitted). The plain error standard is more demanding in civil cases than it is in criminal cases. *See id.* at 1018 n.9. And, critically, "the decision to correct a plain error [in the civil context] is discretionary." *Id.* at 1018. We exercise this discretion "only if review is needed to prevent a miscarriage of justice, meaning that the error seriously impaired the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1019 (citation and internal quotation marks omitted).

**B.** Appellants first contend that the district court erred by not instructing the jury to separately determine Huang and Zhao's respective liability

4

as to the Restaurant employees and the Spa employees.**²** Appellants assert that this error infected both the jury instructions and the special verdict form.

As a preliminary matter, because Appellants failed to challenge the special verdict form at trial, this portion of their argument is waived. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1109 (9th Cir. 2001) (citing *Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1331 (9th Cir. 1995)). Appellants failure to object is made all the more glaring because, during trial, the district court asked Appellants if the special verdict form's language – in particular, its treatment of Zhao's status as an "employer" – was adequate. Far from objecting to the language, Appellants agreed the language was acceptable.

Appellants' challenge to the jury instructions also fails. First, Appellants stipulated that (1) Huang was an "employer" for purposes of the FLSA, s*ee* 29 U.S.C. § 203(d) (defining "employer"), and (2) the Restaurant and the Spa operated as an "enterprise" under the FLSA, wherein "related activities" were

---

[2] At oral argument, Appellants urged that we review this issue de novo, relying on *Torres-Lopez v. May*, 111 F.3d 633 (9th Cir. 1997), wherein we held that "[w]hether an entity is a 'joint employer' under the FLSA . . . is a question of law." *Id.* at 638 (citations omitted). We reject this contention because Appellants' argument, as set forth in their briefs, does not challenge whether the Restaurant and the Spa were "joint employers" under the FLSA. Instead, Appellants contend, for the first time on appeal, that the jury was improperly instructed. Accordingly, we review for plain error.

"performed" by multiple people "for a common business purpose," *see* 29 U.S.C. §§ 203(r)-(s). These stipulations were read to the jury. The district court then instructed the jury to decide whether Zhao was also an "employer" under the FLSA. These instructions contemplated that the jury would consider Zhao's role with respect to the Restaurant employees and, separately, with respect to the Spa employees. Ultimately, the jury concluded that Zhao was, in fact, an employer under the FLSA, and that Appellants' violations were willful and not made in good faith.

In light of these stipulations, instructions, and jury determinations, there can be little doubt that the jury understood its charge: to decide (1) whether Zhao had sufficient contacts with the Restaurant and/or the Spa to be deemed an employer thereof; and (2) whether Appellants willfully violated the FLSA in their operation of the same. No further instructions were required. Accordingly, Appellants have failed to satisfy the demanding plain error standard, and we reject this aspect of their appeal.

**C.** Next, Appellants challenge the jury instructions for the Department's retaliation claim. To prevail on a retaliation claim under the FLSA, the Department must establish that (1) the Restaurant and Spa employees were engaged in "an activity protected under federal law," (2) Zhao and Huang

6

"subjected [them] to an adverse employment action," and (3) the protected activity was a "motivating reason" for the adverse action. *See, e.g.*, *Avila v. L.A. Police Dep't*, 758 F.3d 1096, 1109 (9th Cir. 2014). With respect to the second element, the district court gave the following instruction:

> In order to prevail on this the Secretary must prove each of the following facts by a preponderance of the evidence: . . . Second, that the employee suffered some adverse employment action, such as having been fired, having work hours reduced by the employer, *or being afraid of some future action which would negatively affect the employee*, such as an unjustified negative employment reference, if they engaged in reporting to and/or cooperating with the Secretary or other enforcement agency. . . .

(Emphasis added.) Appellants contend that this instruction is erroneous because it suggests that "'being afraid of some future action' could constitute an adverse employment action." Again, Appellants failed to object to this instruction in the trial court.

We have already held that the FLSA's anti-retaliation provision protects workers against threats of future physical harm. *Ford v. Alfaro*, 785 F.2d 835, 841–42 (9th Cir. 1986) (holding that the owner committed "clear violation of section 15(a)(3)" when he "threatened [plaintiff] with serious bodily harm"). We see no reason why the plain language of that provision cannot be read to protect against threats of other kinds of harm (*e.g.*, discharge or loss of benefits), especially given that we have held that being "free from threats of retaliatory

7

discharge" is necessary for the FLSA to "function effectively." *Lambert v. Ackerley*, 180 F.3d 997, 1005 n.3 (9th Cir. 1999) (en banc). Such "enforcement needs," as well as the FLSA's "remedial and humanitarian" purpose, require us to adopt an interpretation of the FLSA that provides "broad rather than narrow protection to the employee." *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 13 (2011) (quoting *Tenn. Coal, Iron & R.R. v. Muscoda Local No. 123*, 321 U.S. 590, 597 (1944)).

Furthermore, even if we accept Appellants' premise that the instruction was erroneous, any such error was harmless. The evidence in the record makes clear that Appellants went beyond merely threatening employees with future disciplinary action. In particular, one employee testified that her hours were reduced after she refused to falsify time sheets at Appellants' direction, and that she was ultimately fired for refusing to testify favorably on Appellants' behalf. On this record and under plain error review, we cannot find that the jury instructions, as given, amount to a "miscarriage of justice." *City of Sonora*, 769 F.3d at 1019. Accordingly, we reject Appellants' challenge to the jury instructions for the retaliation claim.

**2.** In their final argument, Appellants contend that the district court erred by asking the jury to determine, as part of the special verdict form, whether Huang

8

and Zhao willfully violated the FLSA or, instead, if they inadvertently did so in good faith. Appellants suggest that a finding of error is compelled by the text of the FLSA's liquidated damages provision, 29 U.S.C. § 260. We disagree. To be sure, § 260 provides that it is the court that determines whether liquidated damages are appropriate. However, nothing in the language of that section – or, for that matter, of any other provision of the FLSA of which we are aware – prohibits a district court from requesting the jury's view on these questions, especially if, as here, the court is merely asking for an advisory verdict.

In any event, even assuming, without deciding, that the district court erred in seeking an advisory verdict, the error is harmless. The record is replete with evidence that Appellants actively worked to undermine and obstruct the Department's investigation. This evidence undermines Appellants' claims of good faith and, in fact, confirms the district court's conclusion that their FLSA violations were willful. We therefore reject Appellants' final argument.

• ● •

In each of these appeals, the judgment of the district court is **AFFIRMED.**

9