**NOT FOR PUBLICATION**


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CONTEST PROMOTIONS, LLC,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>Defendant-Appellee. | No. 15-16682<br><br>D.C. No. 3:15-cv-00093-SI<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, Senior District Judge, Presiding

Argued and Submitted July 12, 2017
San Francisco, California

Before: GRABER and FRIEDLAND, Circuit Judges, and MARSHALL,[**] District
Judge.

Plaintiff Contest Promotions, LLC, appeals the dismissal of its complaint

against Defendant the City and County of San Francisco, alleging that provisions

of the San Francisco Planning Code regulating outdoor signs violate Plaintiff's

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Consuelo B. Marshall, Senior United States District Judge
for the Central District of California, sitting by designation.

constitutional rights. The Planning Code distinguishes between "general advertising signs" and "business signs." The Planning Code bars new general advertising signs, Planning Code § 611(a), which are defined as signs that "direct[] attention to a business, commodity, industry or other activity which is sold, offered or conducted elsewhere than on the premises upon which the Sign is located." Id. § 602. On the other hand, the Planning Code permits business signs, subject to various restrictions. A business sign must refer to the "primary business, commodity, service, industry or other activity which is sold, offered, or conducted on the premises upon which such Sign is located." Id.

Plaintiff alleges that section 602 violates the First Amendment, is unconstitutionally vague, and violates Plaintiff's equal protection and substantive due process rights. The district court granted Defendant's motion to dismiss for failure to state a claim. Reviewing de novo, Friedman v. AARP, Inc., 855 F.3d 1047, 1051 (9th Cir. 2017), we affirm.

1. Plaintiff first argues that, by requiring business signs to direct attention to the "primary business . . . conducted on the premises," section 602 is a content-based regulation of speech subject to "heightened" or even strict scrutiny, and that Defendant's proffered justifications of safety and aesthetics fail to satisfy either standard. But as this court recently reaffirmed, "Central Hudson [Gas & Electric

Corp. v. Public Service Commission, 447 U.S. 557 (1980),] continues to set the standard for assessing restrictions on commercial speech." Retail Dig. Network, LLC v. Prieto, 861 F.3d 839, 849 (9th Cir. 2017) (en banc).[1] Under that standard, we consider four factors. First, the speech "must concern lawful activity and not be misleading." Central Hudson, 447 U.S. at 566. Second, "we ask whether the asserted governmental interest is substantial." Id. Then, "[i]f both inquiries yield positive answers, we must determine whether the regulation directly advances the governmental interest asserted, and whether it is not more extensive than is necessary to serve that interest." Id.

Section 602 satisfies the Central Hudson test. First, neither side disputes that Plaintiff's proposed signs concern lawful activity and are not misleading. Second, it is well established that Defendant's interests in safety and aesthetics are substantial. See Metromedia, Inc. v. City of San Diego, 453 U.S. 490, 508 (1981)

_____

[1] Accordingly, Plaintiff is incorrect that the Supreme Court's recent decisions in Sorrell v. IMS Health Inc., 564 U.S. 552 (2011), and Reed v. Town of Gilbert, 135 S. Ct. 2218 (2015), supplant the longstanding Central Hudson intermediate scrutiny framework under which we analyze commercial speech regulations. See Retail Dig. Network, 861 F.3d at 846 (holding that "Sorrell did not mark a fundamental departure from Central Hudson's four-factor test, and Central Hudson continues to apply"); Lone Star Sec. & Video, Inc. v. City of Los Angeles, 827 F.3d 1192, 1198 n.3 (9th Cir. 2016) (observing that, "although laws that restrict only commercial speech are content based," "such restrictions need only withstand intermediate scrutiny" (citing Reed, 135 S. Ct. at 2232; Central Hudson, 447 U.S. at 564)).

(plurality) (noting that "[i]t is far too late to contend otherwise with respect to either traffic safety or esthetics" (citations omitted)); Metro Lights, L.L.C. v. City of Los Angeles, 551 F.3d 898, 904 (9th Cir. 2009) (same). Third, we have repeatedly held that regulations distinguishing between on-site and off-site advertising signs directly advance governmental interests in safety and aesthetics. Id. at 907; see also id. at 908 (noting that a city is permitted to "value one kind of commercial speech—onsite advertising—more than another kind of commercial speech—offsite advertising" (quoting Metromedia, 453 U.S. at 512)).[2] Finally, section 602 is not broader than necessary to achieve Defendant's interests. See, e.g., Metromedia, 453 U.S. at 508 (noting that "[t]he city has gone no further than necessary" when "[i]t has not prohibited all billboards, but allows onsite advertising and some other specifically exempted signs"). As noted, Defendant's detailed definition of a "business sign" permissibly ensures that such signs actually relate to on-site activities. The district court did not err by dismissing Plaintiff's First Amendment claim.

---

[2] Plaintiff argues that the ordinance—which does not merely distinguish between on-site and off-site ads, but also goes further to specify that on-site ads must bear a relationship to the primary activities on the premises—exceeds what this court and the Supreme Court have approved in the past. But section 602's requirements merely explain what it means to be an on-site business sign by anticipating artful avoidance strategies that might attempt to transform signs depicting otherwise off-site activities into on-site signs.

4

2. Plaintiff next argues that section 602 (which defines business signs) is unconstitutionally vague because the terms it uses to define what "use" occupies the greatest area of a premises—and thus what may be permissibly displayed on a business sign—is unclear. But because Plaintiff's conduct is "clearly proscribed" by the challenged regulation, no vagueness challenge is available. Holder v. Humanitarian Law Project, 561 U.S. 1, 20 (2010); see also Hunt v. City of Los Angeles, 638 F.3d 703, 710 (9th Cir. 2011). Plaintiff's claim clearly alleges only vagueness, not overbreadth, and "[a]rguments 'not raised clearly and distinctly in the opening brief' are waived." Avila v. L.A. Police Dep't, 758 F.3d 1096, 1101 (9th Cir. 2014) (quoting McKay v. Ingleson, 558 F.3d 888, 891 n.5 (9th Cir. 2009)).

3. Plaintiff's equal protection claims also were properly dismissed. To the extent that Plaintiff advanced a "selective prosecution" claim in the operative complaint, that claim was abandoned on appeal. See id. And to the extent that Plaintiff advances a "class of one" claim, it fails on its merits. Plaintiff has not plausibly alleged that it is "being singled out by the government," raising "the specter of arbitrary classification." Engquist v. Or. Dep't of Agric., 553 U.S. 591, 602 (2008). The ordinance that Plaintiff challenges applies to all, and Plaintiff does not argue otherwise. Plaintiff cannot "demonstrate that [Defendant]: (1)

5

intentionally (2) treated [Plaintiff] differently than other similarly situated [sign] owners, (3) without a rational basis." Gerhart v. Lake County, 637 F.3d 1013, 1022 (9th Cir. 2011). Even if Defendant's ordinance responds to a problem brought about by Plaintiff and other creative would-be advertisers, Defendant had a rational basis for clarifying the definition of an on-site "business sign." Finally, to the extent that Plaintiff advances a more general equal protection theory grounded in a claimed abridgement of its fundamental rights, as discussed above, the ordinance is subject to intermediate scrutiny, and it survives under that framework.

4. Finally, Plaintiff argues that the ordinance violates substantive due process because it furthers no legitimate government purpose. To the extent Plaintiff merely reframes its First Amendment claim under this heading, the two fall together. When a "plaintiff's claim can be analyzed under an explicit textual source of rights in the Constitution, a court should not resort to the 'more subjective standard of substantive due process.'" Hufford v. McEnaney, 249 F.3d 1142, 1151 (9th Cir. 2001) (quoting Armendariz v. Penman, 75 F.3d 1311, 1319 (9th Cir. 1996) (en banc)). If Plaintiff instead intends this as a distinct claim that the ordinance violated a freestanding right to conduct its business, "governmental action need only have a rational basis to be upheld against a substantive due

6

process attack." Kim v. United States, 121 F.3d 1269, 1273 (9th Cir. 1997). As noted above, Defendant has legitimate interests in safety and aesthetics. Metromedia, 453 U.S. at 508; Metro Lights, 551 F.3d at 904. The ordinance bears a rational relationship to those interests. Accordingly, this claim was properly dismissed.

**AFFIRMED.**