NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | No. 19-15738 |
| Plaintiff-Appellee, | D.C. No. 2:16-cv-02022-GMN-VCF |
| v. | |
| OMICS GROUP INC., DBA OMICS Publishing Group; et al., | MEMORANDUM[*] |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Argued and Submitted June 10, 2020
San Francisco, California

Before: MILLER and HUNSAKER, Circuit Judges, and RAYES,[**] District Judge.
Partial Dissent by Judge HUNSAKER

OMICS Group Inc., Conference Series LLC, iMedPub LLC (collectively

OMICS) and Srinubabu Gedela (collectively Defendants) appeal the district court's

grant of summary judgment for the Federal Trade Commission (FTC). We review

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

summary judgment orders de novo, viewing the evidence in the light most favorable to the non-moving party to determine whether genuine issues of material fact exist and whether the district court correctly applied the law. *FTC v. Stefanchik*, 559 F.3d 924, 927 (9th Cir. 2009). We review the district court's award of equitable monetary relief for abuse of discretion. *Id.* at 931.

***Violation of the Federal Trade Commission Act.*** The record contains ample evidence of Defendants' deception regarding its journals' peer review practices, publishing fees, impact factors (a common rating metric for journals in the academic publishing industry), and editorial board membership. OMICS also made false representations regarding the attendees and organizers of its academic conferences when marketing these events. OMICS's misrepresentations were material and their net impression was likely to, and did in fact, deceive ordinary consumers. *See id.* at 928–29. Defendants made only general denials in response to the FTC's overwhelming evidence against them, and they did not present contrary evidence sufficient to create any genuine disputes of material fact as to their liability. Thus, we affirm the district court's grant of summary judgment to the FTC concluding that Defendants violated Section 5(a) of the FTC Act. 15 U.S.C. § 45(a). *See FTC v. Cyberspace.com LLC*, 453 F.3d 1196, 1201 (9th Cir. 2006).

***Gedela's Personal Liability.*** The district court properly concluded that Gedela is personally liable for OMICS's violations because he had authority over OMICS and either had knowledge of the companies' misrepresentations or was recklessly indifferent to their truth or falsity. *Stefanchik*, 559 F.3d at 931. It is undisputed that Gedela was the sole owner and CEO of OMICS. Gedela also admitted that he responded to complaints about OMICS's operations and received weekly updates from management about all business operations.

***Equitable Monetary Relief.***[1] The FTC provided a reasonable approximation of Defendants' unjust gains in light of Defendants' overall and pervasive fraudulent business practices. *See FTC v. Commerce Planet, Inc.*, 815 F.3d 593, 603 (9th Cir. 2016). Specifically as relates to Defendants' conference activities, raised by the dissent, the FTC presented evidence that the majority of Defendants' conferences were not as Defendants represented them in their marketing materials. Although the individual conferences were discrete events, they were part of a single scheme of deceptive business practices carried out by Defendants. And because the conference

---

[1] The Supreme Court recently granted certiorari in two cases presenting the question whether monetary restitution is an available remedy under Section 13(b) of the FTC Act. *See FTC v. Credit Bureau Ctr., LLC*, 937 F.3d 764 (7th Cir. 2019), *cert. granted*, -- S. Ct. --- (July 9, 2020) (No. 19-825); *AMG Capital Mgmt., LLC v. FTC*, 910 F.3d 417 (9th Cir. 2018), *cert. granted*, -- S. Ct. --- (July 9, 2020) (No. 19-508). Because Defendants did not challenge the FTC's authority to request monetary relief under the FTC Act, this argument is forfeited. *See Avila v. L.A. Police Dep't*, 758 F.3d 1096, 1101 (9th Cir. 2014) ("Arguments not raised clearly and distinctly in the opening brief are waived." (internal quotation marks and citation omitted)).

marketing was widely disseminated, the FTC is entitled to a rebuttable presumption that all conference consumers were deceived. *Commerce Planet*, 815 F.3d at 604; *see also FTC v. Figgie Int'l, Inc.*, 994 F.2d 595, 605–06 (9th Cir. 1993) (per curiam). Moreover, where the FTC provides a reasonable approximation of unjust gains, any risk of uncertainty in the calculation "'fall[s] on the wrongdoer whose illegal conduct created the uncertainty.'" *Commerce Planet*, 815 F.3d at 604 (quoting *FTC v. Bronson Partners, LLC*, 654 F.3d 359, 368 (2d Cir. 2011)). Thus, it was Defendants' burden to show the FTC overstated the amount of their unjust gains by including all conference-related revenue. *See Commerce Planet*, 815 F.3d at 604. Defendants' general denials of any wrongdoing—in the absence of affirmative evidence showing a lack of deception in some conference marketing or that the FTC overcalculated conference-related revenues—failed to meet this burden. Therefore, we hold that the FTC reasonably approximated OMICS's unjust gains with respect to the entirety of its deceptive business practices.[2]

    **AFFIRMED.**

---

[2] Defendants' contention that the district court relied on inadmissible hearsay was not sufficiently argued to the district court and is waived on appeal. *See Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1003 (9th Cir. 2002).

FILED

SEP 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

I agree with the majority on all issues except the amount of equitable monetary relief. Because I do not believe the FTC met its initial burden to reasonably approximate Defendants' unjust gains attributable to their conference activities, I would remand for the district court to conduct further proceedings on this limited issue.

The purpose of imposing monetary relief for FTC Act violations is "to prevent the defendant's unjust enrichment by recapturing the gains the defendant secured in a transaction." *FTC v. Commerce Planet, Inc.*, 815 F.3d 593, 603 (9th Cir. 2016) (quoting 1 Dan B. Dobbs, Law of Remedies § 4.1(1), at 552 (2d ed. 1993)). In seeking such relief, the FTC bears the initial burden of proving a reasonable approximation of the defendant's unjust gains. *Id.* After the FTC makes this showing, "the burden then shifts to the defendant to show that the FTC's figures overstate the amount of . . . unjust gains." *Id.* at 604. Only if the burden shifts to the defendant does the risk of uncertainty in calculating the unjust gains "'fall on the wrongdoer whose illegal conduct created the uncertainty.'" *Id.* (quoting *FTC v. Bronson Partners, LLC*, 654 F.3d 359, 368 (2d Cir. 2011)).

Here, the FTC's calculation of Defendants' unjust gains assumes that every dollar OMICS collected in its business enterprise resulted from deceptive conduct. I agree that the record supports this approach with respect to OMICS's publications-

1

related revenue. As the court states, the evidence shows that fraudulent conduct pervaded these activities. However, the FTC's own evidence does not establish that all conference-related revenue was obtained through deception. The FTC's expert evaluated a random sample of OMICS's conference listings to determine the frequency of misrepresentations, and calculated that "60 out of 100 conference advertisements contained a misrepresentation in which at least one individual stated that they had not agreed to serve on the organizing committee or participate in the conference." The expert further extrapolated that in a sample of 1,407 conferences, 49.7% to 69.7% had deceptive marketing. This evidence suggests that a significant percentage of OMICS's conference listings may not have contained misrepresentations. Thus, even assuming the conference materials were widely disseminated, the presumption of universal deception does not apply. *See id*; *see also FTC v. Figgie Int'l, Inc.*, 994 F.2d 595, 605–06 (9th Cir. 1993) (per curiam). Unlike *Commerce Planet*, where only one product was at issue, OMICS's conferences are more analogous to separate "products" because the relevant characteristics that were represented in Defendants' marketing—the organizers and participants—differed from event to event.

The FTC contends, and the court agrees, that Defendants should bear the risk of any uncertainty in the monetary calculation related to the conference activities. At oral argument, the FTC argued that any overcalculation is due to OMICS's failure

to produce documentation that would have allowed the FTC to decipher the amount of revenue attributable to individual conferences. I disagree. The FTC has not met its initial burden to shift the risk of uncertainty to Defendants. Although the evidence of record does not distinguish between journal revenues and conference revenues for the entire period, the conference revenues from 2016 to 2017 are provided separately. Therefore, given that the FTC's own evidence indicates that only approximately 60% of the conferences were deceptively marketed and the conference revenues were reported separately for part of the charging period, the FTC did not reasonably approximate unjust gains when it included 100% of conference revenues. Accordingly, the burden to prove that the FTC overestimated such gains and any risk of uncertainty in making such calculation has not yet shifted to Defendants. *See id.* at 603–04. For this reason, I respectfully dissent on this point and would remand for the district court to conduct further proceedings to determine whether the FTC can meet its initial burden.