NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 18 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| H&H PHARMACEUTICALS, LLC,<br><br>                Plaintiff-Appellant,<br><br>  v.<br><br>CAMBREX CHARLES CITY, INC.;<br>CAMBREX NORTH BRUNSWICK, INC.,<br><br>          Defendants-Appellees. | No.   20-15528<br><br>D.C. No.<br>2:16-cv-02946-RFB-BNW<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted February 12, 2021[**]
San Francisco, California

Before: HURWITZ and BRESS, Circuit Judges, and FEINERMAN,[***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Gary Feinerman, United States District Judge for the
Northern District of Illinois, sitting by designation.

H&H Pharmaceuticals, LLC, brought this diversity suit against Cambrex Charles City, Inc., and Cambrex North Brunswick, Inc. (together, "Cambrex"), alleging various violations of Nevada common law. The suit stems from failed business negotiations during which H&H shared certain of its trade secrets with Cambrex. H&H alleges that Cambrex misappropriated those trade secrets in violation of the parties' nondisclosure agreement. The district court granted summary judgment to Cambrex on the ground that H&H had failed to adduce evidence quantifying its alleged damages. We have jurisdiction over H&H's appeal under 28 U.S.C. § 1291, and we review *de novo* the district court's judgment. *See AXIS Reinsurance Co. v. Northrop Grumman Corp.*, 975 F.3d 840, 844 (9th Cir. 2020).

The district court's rationale for granting summary judgment was straightforward. Citing Nevada substantive law, the court observed that "[p]roof of damages is an essential element of all of H&H's claims." Citing *Weinberg v. Whatcom County*, 241 F.3d 746, 751 (9th Cir. 2001), the court explained that "[s]ummary judgment is appropriate when proof of damages is an essential element of a party's claim, and the party 'has no expert witnesses or designated documents providing competent evidence from which a jury could fairly estimate damages.'" And the court noted that "H&H ha[d] not submitted any documents identifying the amount of damages, describ[ed] how these damages shall be

20-15528

calculated, []or … submitted any expert testimony on the matter." Given all this, the court concluded that, "[b]ecause H&H ha[d] failed to proffer competent evidence from which a jury or factfinder could estimate damages, or in the case of [one] claim, pecuniary loss," Cambrex was entitled to summary judgment.

In its opening appeal brief, H&H does not dispute the proposition that damages is an essential element of each of its claims. Moreover, H&H embraces the proposition articulated in *Weinberg* that in order to forestall summary judgment, it had to "provide expert testimony and/or documents providing competent evidence from which a jury could fairly estimate damages." *See Magnetar Techs. Corp. v. Intamin, Ltd.*, 801 F.3d 1150, 1159 (9th Cir. 2015) (holding that the plaintiff on summary judgment must "provide evidence such that the jury is not left to 'speculation or guesswork' in determining the amount of damages to award") (quoting *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 811 (9th Cir. 1988)). And yet H&H's opening brief does not point to *any* evidence that would allow a jury to quantify or fairly estimate its damages.

Because H&H's opening brief fails to show—or even attempt to show—that the district court erred in concluding that it did not adduce competent evidence from which a jury could calculate or estimate its damages, its appeal necessarily fails. *See Paladin Assocs. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003) (holding that the appellant's failure to develop any challenge to a conclusion

by the district court waives the issue).  H&H's belated attempt in its reply brief to fill that hole in its opening brief is of no avail, for even if the reply brief made cogent arguments—and it does not—arguments presented for the first time in a reply brief are waived.  *See Avila v. L.A. Police Dep't*, 758 F.3d 1096, 1101 (9th Cir. 2014) ("Arguments 'not raised clearly and distinctly in the opening brief' are waived.") (quoting *McKay v. Ingleson*, 558 F.3d 888, 891 n.5 (9th Cir. 2009)).

**AFFIRMED**.