NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 31 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RIGOBERTO CASTREJON-TELLES,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 22-1749<br><br>Agency No.<br>A037-441-199<br><br>MEMORANDUM[*] |
| RIGOBERTO CASTREJON-TELLES,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 23-3851<br><br>Agency No.<br>A037-441-199 |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 26, 2025[**]
Pasadena, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: BOGGS***, FRIEDLAND, and BRESS, Circuit Judges.

Petitioner Castrejon-Telles, a native and citizen of Mexico, petitions for review of two orders by the Board of Immigration Appeals ("BIA"). In one order, the BIA dismissed Castrejon-Telles's appeal from an Immigration Judge's ("IJ's") denial of relief from removal. In a subsequent order, the BIA denied Castrejon-Telles's motion to reopen to apply for withholding of removal under the Immigration and Nationality Act ("INA") and the Convention Against Torture ("CAT"), as well as deferral of removal under the CAT. We review de novo the BIA's determination of purely legal questions and review for substantial evidence the BIA's factual findings. *Nababan v. Garland*, 18 F.4th 1090, 1094 (9th Cir. 2021). We review for abuse of discretion the BIA's denial of a motion to reopen. *Avagyan v. Holder*, 646 F.3d 672, 674 (9th Cir. 2011). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petitions.

1. The BIA did not err in dismissing Castrejon-Telles's appeal from the IJ's denial of relief from removal. Castrejon-Telles argues that his removal proceedings should have been terminated because the Notice to Appear ("NTA") that he was issued lacked a specific location, date, and time and thus did not confer subject matter jurisdiction. Precedent forecloses that argument. *United States v.*

***    The Honorable Danny J. Boggs, United States Circuit Judge for the Court of Appeals, 6th Circuit, sitting by designation.

*Bastide-Hernandez*, 39 F.4th 1187, 1192 (9th Cir. 2022) (en banc). Castrejon-Telles is thus not entitled to relief on that ground because the IJ had jurisdiction to conduct his removal proceedings, despite any deficiencies in the NTA.[1]

2. The BIA did not abuse its discretion in denying Castrejon-Telles's motion to reopen. The BIA correctly concluded that Castrejon-Telles's motion to reopen as to his withholding-of-removal claims under the INA and under the CAT was time-barred because his motion was filed around February 23, 2023—over 90 days after the BIA's final administrative order of removal, dated September 29, 2022. It is true that the 90-day time limit does not apply if the motion to reopen "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii). But in this case, the BIA did not err in concluding that any such evidence would have been immaterial because Castrejon-Telles's prior conviction for heroin trafficking was a "particularly serious crime"

---

[1] On appeal, Castrejon-Telles has forfeited any challenge to the BIA's conclusion that the IJ correctly pretermitted Castrejon-Telles's application for waiver under former section 212(c) of the INA, 8 U.S.C. § 1182(c) because no argument about section 212(c) waiver was "clearly and distinctly" raised in the Opening Brief. *See Avila v. L.A. Police Dep't*, 758 F.3d 1096, 1101 (9th Cir. 2014) (quoting *McKay v. Ingleson*, 558 F.3d 888, 891 n.5 (9th Cir. 2009)).

that rendered him ineligible for withholding of removal.[2]

The BIA also did not err in concluding that Castrejon-Telles failed to establish a prima facie case for deferral of removal under the CAT, or in denying his motion to reopen on that additional basis. "[A] 'prima facie case is established when the evidence reveals a reasonable likelihood that the statutory requirements for relief have been satisfied.'" *Tadevosyan v. Holder*, 743 F.3d 1250, 1255 (9th Cir. 2014) (quoting *Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir. 2010)).[3] We have explained:

> To receive deferral of removal under the CAT, an applicant must establish that "it is more likely than not that he or she would be tortured if removed." 8 C.F.R. § 1208.16(c)(2). To constitute torture, an act must inflict "severe pain or suffering," and it must be undertaken "at the instigation of, or with the consent or acquiescence of, a public official." 8 C.F.R. § 1208.18(a)(1).

*Hernandez v. Garland*, 52 F.4th 757, 768–69 (9th Cir. 2022). Here, the record supports the BIA's determination that Castrejon-Telles did not provide

---

[2] On appeal, Castrejon-Telles has forfeited any challenge to the legal effect of his drug-trafficking conviction, including the BIA's determination that he failed to establish prima facie eligibility for withholding of removal, because no argument about the implications of the drug-trafficking conviction was "clearly and distinctly" raised in the Opening Brief. *See Avila*, 758 F.3d at 1101 (quoting *McKay*, 558 F.3d at 891 n.5).

[3] Castrejon-Telles's argument that "the language used in the Board's decision makes clear that it imposed a stricter standard" than it should have fails because there is no apparent indication that the Board applied the wrong legal standard.

particularized evidence showing a reasonable likelihood that he would more likely than not suffer torture undertaken at the instigation of, or with the consent or acquiescence of, a public official. In particular, Castrejon-Telles's evidence speaks only to generalized corruption in Mexico, rather than any particular risk of torture that he faced from any public official's instigation, consent, or acquiescence.

Castrejon-Telles's argument that the BIA violated his due process rights by failing to fully consider the evidence submitted with his motion to reopen is meritless. The BIA clearly considered Castrejon-Telles's new evidence when it explained in the last substantive paragraph of its order why it had concluded that the evidence was insufficient.

Petitions **DENIED.**[4]

---

[4] Castrejon-Telles's motion to stay removal, No. 1749, Dkt. 3, is denied. The temporary stay of removal shall remain in place until the mandate issues.