**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 9 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAGJIT SINGH,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-4955

Agency No.
A202-052-997

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2025[**]
Seattle, Washington

Before: HAWKINS, BEA, and BENNETT, Circuit Judges.

Petitioner Jagjit Singh, a native and citizen of India, petitions for review of

the Board of Immigration Appeals (BIA)'s dismissal of his appeal challenging an

Immigration Judge (IJ)'s denial of his claims for asylum and withholding of

removal. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). We deny the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

petition.

Singh filed a Form I-589 application for asylum and withholding of removal in May 2015. An IJ denied Singh's application at a hearing in April 2016.[1] The IJ made an adverse credibility finding based on Singh's "demeanor, candor and responsiveness," highlighted several factors supporting that conclusion, and denied Singh's application on the basis Singh was not credible. The IJ also denied Singh's request for relief on the alternative basis that he had not suffered harm amounting to persecution.

Singh appealed, and the BIA dismissed his appeal because Singh had not sufficiently alleged persecution (while declining to address the IJ's adverse credibility finding). Singh then petitioned this court for review, and we remanded because the BIA erred in conducting the persecution analysis. *Singh v. Garland*, No. 17-70396, 2022 WL 3682059, at *2 (9th Cir. Aug. 25, 2022). The BIA dismissed Singh's appeal again on remand, this time upholding the IJ's adverse credibility finding. The BIA found that because Singh was not credible, it did not need to "revisit the issue of whether, if his testimony was taken as credible, [Singh] could establish past harm rising to the level of persecution." Singh now petitions for

---

[1] Singh also filed for protection under the Convention Against Torture (CAT), which was denied. The BIA upheld that denial. Singh does not challenge the IJ and BIA's denial of CAT protection on appeal, and this claim is thus forfeited. *See Avila v. Los Angeles Police Dep't*, 758 F.3d 1096, 1101 (9th Cir. 2014).

review, claiming that the adverse credibility finding was not supported by substantial evidence.

"Taking the totality of the circumstances into account, we review . . . [a] credibility determination for substantial evidence." *Kumar v. Garland*, 18 F.4th 1148, 1153 (9th Cir. 2021). That standard is "extremely deferential." *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (quoting *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003)). The court "must accept 'administrative findings,'" including adverse credibility determinations, "as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Garland v. Ming Dai*, 593 U.S. 357, 365 (2021) (quoting 8 U.S.C. § 1252(b)(4)(B)).

The IJ and BIA based their adverse credibility findings on several grounds: Singh's markedly different demeanor on cross- and direct-examination; Singh's inability to respond coherently to direct questions at the heart of his claim (including about his political activities in India); and Singh's inconsistent testimony about various dates.[2]

As to Singh's demeanor, the difference between Singh's "rapid fire" testimony on direct examination and his "paus[ing]" and "mumbl[ing]" on cross-examination gave the IJ "the distinct impression" that Singh "was testifying in a

---

[2] "Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018).

manner as if he was reciting a story from a memorized script." Such demeanor-based observations are entitled to "special deference." *Singh-Kaur v. INS,* 183 F.3d 1147, 1151 (9th Cir. 1999) (quoting *Paredes–Urrestarazu v. INS*, 36 F.3d 801, 818 (9th Cir. 1994)).

And although Singh's application was based on his claim to have been a prominent and active member of the Mann Party, he could not answer straightforward questions about his political activity. Singh gave halting and confused responses when asked basic questions about his political activity in India, such as who he voted for and when. Singh also could not name any Mann Party members at his temple in the United States or even identify the name of a Mann Party member to whom he had allegedly given money the month before. Finally, Singh testified inconsistently about various dates, such as when he left his village and when he left India.

In sum, substantial evidence supports the IJ and BIA's adverse credibility determination.

The petition is **DENIED.**